UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALTAGRACIA PANIAGUA,

                          Plaintiff,                    **OPINION AND ORDER**

          -against-                                     15 Civ. 2038 (JCM)

COMMISSIONER OF SOCIAL
SECURITY,

                          Defendant.
------------------------------------------------------------X

    Plaintiff Altagracia Paniagua ("Plaintiff"), appearing *pro se*, commenced this action

pursuant to Section 205(g) of the Social Security Act ("Section 205(g)"), 42 U.S.C. § 405(g),

seeking judicial review of the decision of the Commissioner of Social Security ("the

Commissioner") denying her application for Supplemental Security Income ("SSI") and

Disability Insurance Benefits ("DIB"). The Commissioner moved to dismiss pursuant to Federal

Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment pursuant to

Federal Rule of Civil Procedure 56, arguing that Plaintiff's claim is time-barred under Section

205(g). For the reasons that follow, the Commissioner's motion is granted.

## I. BACKGROUND

On August 2, 2013, an Administrative Law Judge ("ALJ") denied Plaintiff's claim for

SSI and DIB. (Nicoll Decl.[1] ¶ 3(a), Ex. 1).[2]  The ALJ's decision indicates that Plaintiff applied

for SSI and DIB in June 2011; that her claims were initially denied on November 15, 2011; that

she filed a written request for a hearing on January 23, 2012; and that she testified at the hearing,

which was held on May 21, 2013. (Id. at 8).  After the ALJ denied Plaintiff's claim, she

requested that the Appeals Council review the ALJ's decision. (Nicoll Decl. ¶ 3(a), Ex. 2 at 2).

On December 11, 2014, the Appeals Council denied Plaintiff's request for review, and the ALJ's

decision became the final decision of the Commissioner. (Id.).  The Appeals Council Notice

advised Plaintiff of her right to commence a civil action within sixty days from the date of

receipt. (Id. at 3-4).  Plaintiff filed her Complaint in the instant action on March 13, 2015, using

the complaint form provided by the Court. (Docket No. 2).[3]  In her Complaint, Plaintiff alleged

---

[1] Refers to the Declaration of Roxie Rasey Nicoll, Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration, filed on June 24, 2015 as Docket No. 15-1. The Court does not rely on the Declaration itself but, for reasons explained *infra* note 2, on the exhibits appended thereto: (i) the ALJ's August 2, 2013 decision, ("Ex. 1"), filed as Docket No. 15-2; and (ii) the Appeals Council's denial of Plaintiff's request for review ("Appeals Council Notice" or "Notice"), ("Ex. 2"), filed as Docket No. 15-3. Although the Appeals Council Notice was also filed by Plaintiff with her Complaint ("Compl."), *see infra* note 2, for ease of reference, the Court refers only to Exhibit 2. All page number citations refer to the page number assigned upon electronic filing.

[2] The Court is dismissing Plaintiff's Complaint and construing the Commissioner's motion under Federal Rule of Civil Procedure 12(b)(6), rather than as a motion for summary judgment under Rule 56. *See infra* Section II(A). Therefore, the Court cannot consider materials outside of the Complaint. Instead, the Court considers "any written instrument attached to the complaint as an exhibit or incorporated in the complaint by reference, as well as documents upon which the complaint relies and which are integral to the complaint." *Subaru Distributors Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 122 (2d Cir. 2005). Plaintiff attached the Appeals Council Notice to her Complaint, and thus it may be considered in deciding this motion. (Docket No. 2 at 4-10). However, she did not attach the ALJ's decision to her Complaint. Nevertheless, the Court may properly consider the ALJ's decision because it is incorporated in the Complaint by reference. (Compl. ¶ 7). Furthermore, the ALJ's decision is integral to the Complaint because it is the document upon which the Appeals Council relied in denying Plaintiff's request for review, and it is the basis on which Plaintiff's claim is founded. *See Twumwaa v. Colvin*, No. 13 CIV. 5858 AT JLC, 2014 WL 1928381, at *1 n.2 (S.D.N.Y. May 14, 2014); *Courtney v. Colvin*, No. 13 CIV. 2884 AJN JLC, 2013 WL 5652476, at *1 n.2 (S.D.N.Y. Oct. 17, 2013), *report and recommendation adopted*, No. 13 CIV. 2884 AJN, 2014 WL 129051 (S.D.N.Y. Jan. 14, 2014). Finally, Plaintiff had actual notice of the ALJ's decision as it was addressed to her and mailed to the same address that she listed on her Complaint (*compare* Nicoll Decl. ¶ 3(a), Ex. 2 at 2, *with* Compl. ¶ 2); *see also Twumwaa*, 2014 WL 1928381, at *1 n.2; *Courtney*, 2013 WL 5652476, at *1 n.2.

that she received the Appeals Council Notice on December 18, 2014. (Compl. ¶ 8).[4]

On June 23 and 24, 2015, the Commissioner filed the pending motion to dismiss or, in the alternative, for summary judgment. (Docket Nos. 12, 14-18). The Commissioner contends that Plaintiff's Complaint is time-barred under Section 205(g), and that equitable tolling of the statute of limitations does not apply. (Docket No. 15). Plaintiff did not timely respond to the Commissioner's motion. (*See* Docket No. 11). At a status conference held on September 29, 2015, the Court allowed Plaintiff additional time to respond, extending the deadline from July 24, 2015 to October 16, 2015. Plaintiff responded by letter dated October 7, 2015, stating that she "did not submit a timely response" because she was "overwhelmed" with her "physical and emotional state of health, [her] lack of legal awareness and lack of professional legal representation . . . .," and expressed that she was "not in agreement" with the Commissioner's motion. (Docket No. 22). The Commissioner replied on October 30, 2015. (Docket No. 20).

## II. DISCUSSION

### A. Standard of Review

The exclusive remedy for a plaintiff who seeks judicial review of the Commissioner's final decision is provided for and limited by Sections 205(g) and (h) of the Social Security Act. 42 U.S.C. §§ 405(g), (h); *see also Wong v. Bowen*, 854 F.2d 630, 631 (2d Cir. 1988). The provisions set forth a sixty-day period in which a plaintiff must commence her civil suit, "or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. §

---

[3] Plaintiff also filed a request to proceed *in forma pauperis*, (Docket No. 1), which was granted by the Court on March 20, 2015, (Docket No. 3).

[4] The Court notes that Plaintiff's Complaint does not accurately reflect the dates of her request for a hearing, the ALJ's decision, or the Appeals Council Notice. (Compl. ¶¶ 7-8). Because the Court is in receipt of the ALJ's decision and the Appeals Council Notice, the Court relies on the dates provided in those documents, rather than on the dates in Plaintiff's Complaint. (Nicoll Decl. ¶3(a), Exs. 1-2). However, the Court is not in receipt of any document that contradicts Plaintiff's account that she received the Appeals Council Notice on December 18, 2014.

405(g). The sixty-day period begins on the date the Appeals Council Notice is received, which is presumed to be five days after it is dated. 20 C.F.R. 422.210(c); *see also Wong*, 854 F.2d at 631. Because this period "defines the terms on which the United States waives its sovereign immunity and consents to be sued, it is strictly construed." *Davila v. Barnhart*, 225 F. Supp. 2d 337, 338 (S.D.N.Y. 2002) (citing *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Randell v. United States*, 64 F.3d 101, 106 (2d Cir.1995)).

The sixty-day period "is not jurisdictional, but rather constitutes a period of limitations." *Bowen*, 476 U.S. at 478. "'A statute of limitations defense, based exclusively on dates contained within the complaint or appended materials, may be properly asserted by a defendant in a Rule 12(b)(6) motion.'" *Twumwaa v. Colvin*, No. 13 CIV. 5858 AT JLC, 2014 WL 1928381, at *2 (S.D.N.Y. May 14, 2014) (quoting *Gelber v. Stryker Corp.*, 788 F. Supp. 2d 145, 153 (S.D.N.Y. 2011)) (citation omitted).[5] Indeed, Rule 12(b)(6) "provides 'the most appropriate legal basis' for [a motion to dismiss on statute of limitations grounds] 'because expiration of the statute of limitations presents an affirmative defense.'" *Id.* (quoting *Nghiem v. U.S. Dep't of Veterans Affairs*, 451 F. Supp. 2d 599, 602 (S.D.N.Y. 2006), *aff'd*, 323 F. App'x 16 (2d Cir. 2009)). For this reason, such a motion is "'generally . . . treated as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) . . . .'" *Id.* (quoting *Nghiem*, 451 F. Supp. 2d at 602). The Court, therefore, will consider the Commissioner's motion to dismiss pursuant to Rule 12(b)(6). Accordingly, the Court "must accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the

---

[5] In accordance with *Lebron v. Sanders*, 557 F.3d 76, 79 (2d Cir. 2009) and Local Civil Rule 7.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, a copy of this case and any others cited herein, only available by electronic database, accompany this Opinion and Order and shall be simultaneously delivered to the *pro se* Plaintiff.

plaintiff." *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997) (citations omitted).

## B. Timeliness

Section 205(g) states in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). The Social Security Administration's regulations further clarify that the "mailing" is the date the plaintiff receives the Appeals Council Notice, which is presumed to be five days after the Notice is dated:

> Any civil action . . . must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual . . . except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c); *see also Wong*, 854 F.2d at 631.

The sixty-day time period is strictly construed, *Bowen*, 476 U.S. at 479, "even where the delay is minor and the plaintiff is *pro se*," *Borrero v. Colvin*, No. 14CV5304-LTS-SN, 2015 WL 1262276, at *3 (S.D.N.Y. Mar. 19, 2015) (collecting cases), *appeal dismissed,* No. 15-1096 (May 22, 2015). Any other interpretation "would frustrate the congressional purpose, plainly evidenced in [Section] 205(g), to impose a [sixty]-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). The Court's "duty, of course, is to respect that choice." *Id.* Therefore, "[f]ailure to file a

complaint within the statutory limitation most often requires dismissal of the case[.]"*Borrero*, 2015 WL 1262276, at *3.

Here, the Appeals Council Notice is dated December 11, 2014. (Nicoll Decl. ¶ 3(a), Ex. 2). It is undisputed that Plaintiff received the Notice. First, the Notice was mailed to the same address that Plaintiff used to file her Complaint, and the same address at which she received the ALJ's decision. (*Compare* Nicoll Decl. ¶ 3(a), Ex. 2 at 2, *with* Compl. ¶ 2, *and* Nicoll Decl. ¶ 3(a), Ex. 1 at 2). Second, Plaintiff admitted in her Complaint that she received the Appeals Council Notice on December 18, 2014. (Compl. ¶ 8).[6] The Notice clearly instructed Plaintiff that she had sixty days to file a civil action after she received the Notice, and that her receipt of the Notice was presumed to be five days after it was dated, unless Plaintiff could show otherwise. (Nicoll Decl. ¶ 3(a), Ex. 2 at 3). Plaintiff was also advised that if there was a good reason why she could not meet the sixty-day deadline, she was entitled to seek an extension, in writing, from the Appeals Council. (*Id.* at 4).

Because the Appeals Council Notice is dated December 11, 2014, Plaintiff is presumed to have received the Notice five days later, on December 16, 2014. Sixty days after December 16, 2014 is Saturday, February 14, 2015. However, because the sixty-day period ended on a Saturday, and because the following Monday was a federal holiday, the time within which plaintiff could timely file a complaint was extended until Tuesday, February 17, 2015. Fed. R. Civ. P. 6(a)(3)(A).[7] Even if Plaintiff did not receive the Notice until December 18, 2014, as she

---

[6] It is clear from Plaintiff's Complaint as well as Exhibit 2 that a Spanish version of the Notice was sent to Plaintiff in addition to the version in English. (Compl. at 7-8; Nicoll Decl. ¶ 3(a), Ex. 2 at 7-9). *See Davila*, 225 F. Supp. 2d at 339 ("Courts have . . . tolled the limitations period where the final notice was sent in English to a claimant accustomed to receiving such notices in Spanish[.]") (citation omitted).

[7] The Court takes judicial notice that Monday, February 16, 2015, was a federal holiday (Washington's Birthday). *Snow & Dismissal Procedures, Federal Holidays*, U.S. OFFICE OF PERSONNEL MGMT., https://www.opm.gov/policy-data-oversight/snow-dismissal-procedures/federal-holidays/#url=2015 (last visited February 14, 2017).

claimed in her Complaint, the sixty-day period would nevertheless remain the same, because

sixty days from December 18, 2014 is February 16, 2015, which, due to the federal holiday,

would mean her period expired on February 17, 2015. (Compl. ¶ 8). Despite this deadline,

Plaintiff did not file her Complaint until March 13, 2015, twenty-four days late. (Docket No. 2).

The Court therefore finds that Plaintiff's Complaint is untimely. *See, e.g., Borrero*, 2015 WL

1262276, at *3-4 (collecting cases and finding *pro se* complaint filed nine days late was

untimely); *Twumwaa*, 2014 WL 1928381, at *3 (collecting cases and recommending *pro se*

complaint filed seven days late be dismissed, noting that "[m]any courts have dismissed social

security cases under similar circumstances.").

## C. Equitable Tolling

The Court must next determine whether the doctrine of equitable tolling applies to excuse

Plaintiff's failure to file her Complaint within the sixty-day period. "[C]ases may arise where the

equities in favor of tolling the limitations period are 'so great that deference to the agency's

judgment is inappropriate.'" *Bowen*, 476 U.S. at 480 (quoting *Mathews v. Eldridge*, 424 U.S.

319, 330 (1976)). To qualify for equitable tolling, a plaintiff must "show that 'he has been

pursuing his rights diligently' and that 'some extraordinary circumstances stood in his way.'"

*Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (quoting *Pace v. DiGuglielmo*, 544 U.S.

408, 418 (2005)). "Plaintiff bears the burden of establishing the exceptional circumstances that

warrant equitable tolling,"*Davila*, 225 F. Supp. 2d at 339 (citing *Boos v. Runyon*, 201 F.3d 178,

185 (2d Cir. 2000)), and it should only be applied in the "rare case," *Bowen*, 476 U.S. at 481.

Equitable tolling "may be warranted in cases where [a] claimant fails to seek judicial

review in a timely manner because of mental impairment." *Canales v. Sullivan*, 936 F.2d 755,

759 (2d Cir. 1991). Such a claimant must "aver[] incapacity due to mental impairment *during*

the [sixty]-day period[.]" *Id.* (emphasis added). Moreover, "the question of whether a person is sufficiently mentally disabled to justify tolling of a limitation period is, under the law of this Circuit, highly case-specific." *Boos*, 201 F.3d at 184 (citing *Canales*, 936 F.2d at 759). A "conclusory and vague claim [regarding mental impairment], without a particularized description of how [plaintiff's] condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights, is manifestly insufficient to justify any further inquiry into tolling." *Id.* at 185. Courts in this District have not allowed equitable tolling where claims regarding mental impairments were conclusory and vague, and where no causal connection was made between an alleged mental impairment and the delayed filing. *See, e.g.*, *Jones v. Comm'r of Soc. Sec.*, No. 13-CV-7379(RA)(FM), 2015 WL 10641784, at *3 (S.D.N.Y. Aug. 6, 2015), *report and recommendation adopted*, No. 13-CV-7379(RA), 2016 WL 1446223 (S.D.N.Y. Apr. 11, 2016) (granting motion to dismiss and finding equitable tolling did not apply where, "[a]lthough it appears that [plaintiff] has . . . depression, and anxiety, . . . there is no evidence to suggest that these impairments impacted his capacity to such a degree as to render him unable to comply with the Act's requirements."); *Roberts v. Comm'r of Soc. Sec.*, No. 15 Civ. 6216 (CM)(AJP), 2016 WL 303896, at *2 (S.D.N.Y. Jan. 26, 2016) ("The vague assertion in the letter from [plaintiff's] doctor that [plaintiff's] manic mood 'leads to distraction and poor judgments' . . . is insufficient to establish that [plaintiff's] condition was so disabling as to warrant an equitable toll."); *DeJesus v. Comm'r of Soc. Sec.*, No. 13-CV-7913 AJN, 2015 WL 3555787, at *4 (S.D.N.Y. June 8, 2015) (finding that, where plaintiff alleged that she suffered from an abscess in her brain and depression, and one medical record attached to the complaint mentioned anxiety, such "vague references in the complaint are simply insufficient to establish that plaintiff suffered from any condition that was so disabling that it could form the basis for an equitable

toll."); *Taylor v. Fresh Direct*, No. 12 CIV. 2084 GBD AJP, 2012 WL 6184033, at *1 (S.D.N.Y.

Dec. 12, 2012), *report and recommendation adopted*, No. 12 CIV. 2084 GBD AJP, 2013 WL

1897778 (S.D.N.Y. May 7, 2013) (dismissing civil rights claim under Title VII, finding that

"[plaintiff's] bald assertion of depression . . . will not suffice to toll Title VII's statutory

limitations period.") (collecting cases); *Bartow v. Comm'r of Soc. Sec.*, No. 04 CIV.3200 AJP,

2004 WL 2368004, at *2 (S.D.N.Y. Oct. 22, 2004) ("The sole excuse [plaintiff] offered for filing

late—that she was 'depressed' . . . does not constitute one of the 'rare cases' that warrant

equitable tolling.") (citations omitted); *Guinyard v. Apfel*, 99 CIV. 4242 MBM, 2000 WL

297165, at *4 (S.D.N.Y. Mar. 22, 2000) ("[Plaintiff] establishe[d] no causal connection between

her mental state and the lateness of her complaint.").

     Reviewing the Complaint in the light most favorable to Plaintiff, there is nothing to

indicate that she is entitled to the benefit of equitable tolling.[8]  First, her Complaint states nothing

to suggest that she diligently pursued her rights.  Although it appears that Plaintiff timely filed

her request for review by the Appeals Council, she has not claimed that she attempted to file her

civil action on time.  Nor does Plaintiff's Complaint provide any extraordinary circumstances

that would excuse her delay.  The Court gave Plaintiff a second opportunity to present evidence

that she diligently pursued her rights or that extraordinary circumstances stood in her way when

it extended Plaintiff's time to reply to the Commissioner's motion. (*See* Docket No. 22).

However, nothing in Plaintiff's response explains why she was late in filing her Complaint, or

provides any diligent steps that she took to attempt to meet the sixty-day deadline.  That said, she

does explain that her failure to timely respond to the Commissioner's instant motion was due to

---

[8] The Court must "'read the pleadings of a *pro se* plaintiff liberally and interpret them to raise the strongest arguments that they suggest.'" *Guinyard*, 2000 WL 297165, at *1 n.1 (quoting *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999)).

being overwhelmed by her "physical and emotional state of health," and her "lack of legal awareness and lack of professional legal representation that could have guided [her] through these processes in a timely and proper manner." (Docket No. 22 at 1). Even assuming, *arguendo*, that Plaintiff intended to provide this rationale as an excuse for her failure to timely file the Complaint, the excuse does not suffice. *See, e.g.*, *Wong*, 854 F.2d at 631 ("Allowing disability claimants who have been denied benefits to toll the sixty-day period on grounds of poor health would thoroughly undermine Section 205(g)'s sixty-day limitation period."); *Bartow*, 2004 WL 2368004, at *3 ("to the extent [plaintiff] asserted that she had some difficulty in figuring out how to bring her federal complaint, that provides no basis for equitable tolling: the Appeals Council's letter clearly explains the process.").

Furthermore, Plaintiff does not claim that she was mentally incapacitated during the sixty-day period in which she was entitled to file her Complaint. The Complaint does state that she believed she was entitled to receive DIB and SSI because of, *inter alia*, depression, (Compl. ¶ 4), and her response to the Commissioner's motion mentions "depression and anxiety," for which she at one point sought, and intended to seek again, psychological treatment, (Docket No. 22 at 1). However, this is insufficient to invoke the doctrine of equitable tolling. First, her description of depression and anxiety goes to the merits of her underlying disability claim, but does not explain in any causal way her failure to comply with the sixty-day period. *See, e.g.*, *Guinyard*, 2000 WL 297165, at *4 ("Whatever particularized allegations [regarding mental impairment] [plaintiff] has made go to the merits of her underlying disability claim; they do not explain why her complaint was delayed."); *see also supra* pp. 8-9. Second, even if Plaintiff intended to claim that her alleged mental impairment caused her delay in commencing the civil action, her reference to depression and anxiety is vague and conclusory, and does not provide "a

particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights[.]" *Boos*, 201 F.3d at 185. Such statements are "manifestly insufficient to justify any further inquiry into tolling." *Id.*; *see also supra* pp. 8-9. Finally, Plaintiff has previously demonstrated her ability to abide by deadlines, despite her alleged mental impairment, when she initially filed her request for review with the Appeals Council. *See, e.g.*, *Borrero*, 2015 WL 1262276, at *6 ("[Plaintiff's] compliance with the statute of limitations at earlier stages of the appeals process—namely his request to the Appeals Council—'indicates that he was accustomed to operating under time constraints and capable of doing so, even when acting *pro se*.'") (quoting *Monje v. Shalala*, No. 93 CIV. 4707 (MBM), 1995 WL 540028, at *3 (S.D.N.Y. Sept. 11, 1995), *aff'd*, 112 F.3d 504 (2d Cir. 1996)).

The Court, therefore, finds that equitable tolling does not apply. *See, e.g.*, *Twumwaa*, 2014 WL 1928381, at *4 (finding plaintiff's claims that she was "stressed" and "in pain," and that she "gave the motion to [her] former attorney to respond," were insufficient to invoke the doctrine of equitable tolling); *Davila*, 225 F. Supp. 2d at 340 (acknowledging that "the strict application of the traditional principles of equitable tolling seems particularly harsh" where plaintiff "filed her complaint only one day late," but holding that plaintiff's complaint was time-barred, and noting that "'courts have not hesitated to enforce the [sixty]-day limit as a firm limit.'") (citations omitted).

## III. CONCLUSION

For the foregoing reasons, the Commissioner's Motion to Dismiss is granted and Plaintiff's Complaint is dismissed.  The Clerk is respectfully requested to terminate the pending motion (Docket No. 12) and close the case.

Dated:   February 21, 2017
       White Plains, New York

SO ORDERED:

JUDITH C. McCARTHY
United States Magistrate Judge

2014 WL 1928381
Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.

Akua TWUMWAA, Plaintiff,
v.
Carolyn W. COLVIN, Acting Commissioner
of Social Security, Defendant.

No. 13 Civ. 5858(AT)(JLC).
|
Signed May 14, 2014.

*REPORT AND RECOMMENDATION*

JAMES L. COTT, United States Magistrate Judge.

**\*1  To The Honorable Analisa Torres, United States District Judge:**
*Pro se* Plaintiff Akua Twumwaa brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Acting Commissioner of Social Security (the "Commissioner") denying her claim for Social Security Supplemental Security Income ("SSI") benefits. The Commissioner has moved to dismiss the Complaint on the ground that it was not timely filed. For the reasons that follow, I recommend that the motion be granted.

## I. BACKGROUND

Twumwaa applied for SSI benefits on June 6, 2007. *See* Declaration of Robert Weigel, dated September 26, 2013 ("Weigel Decl.") (Dkt. No. 10), Exhibit 1, at ECF page number 4.[1] The application was denied, and Twumwaa requested a hearing, which was held on September 23, 2009. *Id.* Thereafter, the Administrative Law Judge ("ALJ") denied Twumwaa's claim for benefits in a decision issued on October 22, 2009 (the "ALJ's Decision"). Weigel Decl. ¶ 3(a), Exhibit 1.[2]

[1]  The Commissioner submitted the Weigel Declaration in support of her motion. Weigel is Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Office of

Disability Adjudication and Review, Social Security Administration. (Weigel Decl. at 1).

[2]  In light of the Court's determination that the Commissioner's motion is properly made on the basis of Rule 12(b)(6), and not 12(b)(1) of the Federal Rules of Civil Procedure, *see infra* p. 4, the Court cannot consider materials outside the Complaint without converting the motion into one for summary judgment under Rule 56. *See Global Network Commc'ns Inc. v. City of New York,* 458 F.3d 150, 154–55 (2d Cir.2006). However, the Court can properly consider the ALJ's Decision attached to the Weigel Declaration, which is not part of the Complaint, because Twumwaa had actual notice of the ALJ's Decision-indeed, it was addressed to her-and the document is integral to her claim in that Twumwaa has relied on the effects of the ALJ's Decision in drafting her Complaint. *See Courtney v. Colvin,* No. 13 Civ. 2884(AJN)(JLC), 2013 WL 5652476, at \*1 n. 2 (S.D.N.Y. Oct 17, 2013) (citing *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir.2002)), *adopted by,* 2014 WL 129051 (S.D.N.Y. Jan. 14, 2014); *Rodriguez ex rel. J.J.T. v. Astrue,* 10 Civ. 9644(PAC) (JLC), 2011 WL 7121291, at \*1 n. 2 (S.D.N .Y. July 25, 2011), *adopted by* 2012 WL 292382 (S.D.N.Y. Jan, 31, 2012); *see also Int'l Audiotext Network, Inc. v. AT & T.* 62 F.3d 69, 72 (2d Cir.1995) (although court limited to facts as stated in complaint, it may consider documents incorporated by reference without converting motion to one for summary judgment)). Furthermore, the Court's consideration of the ALJ's Decision is proper to the extent that Twumwaa referred to it in the Complaint. *See Chambers.* 282 F.3d at 152–53 (citations omitted); Compl. ¶ 6 (alleging that "[t]he Social Security Administration disallowed plaintiff's application" in the ALJ's Decision).

Twumwaa then sought review of the ALJ's Decision, and on April 29, 2011, the Appeals Council issued an order remanding the case to the ALJ for further proceedings. Weigel Decl. ¶ 3(a), Exhibit 2. Thereafter, the ALJ held a second hearing on November 3, 2011, and the ALJ issued a decision on November 30, 2011, again denying Twumwaa's claim for benefits. *Id.,* Exhibit 3. Twumwaa sought review of that decision, and on June 7, 2013, the Appeals Council denied the request for review ("the Council Notice" or "the Notice"). *Id.,* Exhibit 4.

The Council Notice denying the request for review was sent to Twumwaa at 1650 Metropolitan Avenue, Apartment 2B, Bronx, New York, 10462, the same

address as the one listed in her Complaint. *Id.;* Complaint ("Compl."), Exhibit A.[3] A copy of the Council Notice was also sent to Twumwaa's representative. Weigel Decl. ¶ 3(a), Exhibit 4; Compl., Exhibit A at 3. The Notice informed Twumwaa that she had 60 days from receipt of the Notice to file a civil action in federal court. Weigel Decl. ¶ 3(a), Exhibit 4, at 2. The Council Notice further stated that the date of receipt was assumed to be five days after the date of the letter, unless Twumwaa could show that she did not receive it within the five-day period. *Id.* at 2.

[3]     Twumwaa attached the Council Notice to her Complaint as required by the Southern District form, and it is thus properly considered under Rule 10(c) of the Federal Rules of Civil Procedure.

Twumwaa, proceeding pro se, filed her Complaint using a Southern District form on August 16, 2013. (Dkt. No. 2). She also submitted a Request to Proceed *In Forma Pauperis,* which was granted by the Court on August 26, 2013. (Dkt. Nos.1, 3). Twumwaa alleged in her Complaint that she received the Council Notice on June 10, 2013. Compl., ¶ 8.

On December 20, 2013, the Commissioner moved to dismiss the Complaint, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Commissioner's Memorandum of Law in Support of Motion to Dismiss ("Comm.Mem") (Dkt. No. 11) at 1. Specifically, the Commissioner contends that Twumwaa's Complaint should be dismissed as untimely pursuant to 42 U.S.C. § 405(g) because the action was not commenced within 60 days after her acknowledged receipt of the Council's Notice (that is, the final decision of the Commissioner). *Id..*

**\*2** On February 18, 2014, Twumwaa filed a one-page affirmation in opposition to the motion to dismiss on a Southern District form. Dkt. No. 14. In her affirmation, Twumwaa contended that the motion should be denied because she was "stressed and also in pain during that time so I gave the motion to my former attorney to respond." *Id.* By letter dated May 7, 2014, the Commissioner advised the Court that it would not be filing any reply papers. (Dkt. No. 17).

## II. DISCUSSION

### A. Standard of Review

"A statute of limitations defense, based exclusively on dates contained within the complaint or appended materials, may be properly asserted by a defendant in a Rule 12(b)(6) motion." *Gelber v. Stryker Corp.,* 788 F.Supp.2d 145, 153 (S.D.N.Y.2011) (citing *Ghartey v. St. John's Queens Hosp.,* 869 F .2d 160, 162 (2d Cir.1989)). Indeed, a motion to dismiss on statute of limitations grounds, as the Commissioner's motion here, "generally is treated as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), as opposed to under Rule 12(b)(1)." *Nghiem v. U.S. Dep't of Veterans Affairs,* 451 F.Supp.2d 599, 602 (S.D.N.Y.2006), *aff'd,* 323 F. App'x 16 (2d Cir. Mar. 31, 2009) (summary order), *cert. denied,* 558 U.S. 1137 (2010). The reason Rule 12(b)(6) provides "the most appropriate legal basis" for such a motion is "because expiration of the statute of limitations presents an affirmative defense." *Id.* Accordingly, in deciding the motion, the Court "must accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Jaghory v. New York State Dep't of Educ.,* 131 F.3d 326, 329 (2d Cir.1997).

### B. Twumwaa's Social Security Claim

### 1. The Complaint Is Untimely

It is well-established that the United States cannot be sued without its consent. *See, e.g., United States v. Navajo Nation,* 556 U.S. 287, 289 (2009); *Cnty. of Suffolk, N.Y. v. Sebelius,* 605 F.3d 135, 140 (2d Cir.2010). Twumwaa seeks review of the Commissioner's final decision denying her benefits pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 405(g), which provides the requisite consent to be sued:

> Any individual, after any final decision of the Commissioner of Social Security ... may obtain a review of such a decision by a civil action commenced within 60 days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow....

42 U.S.C. § 405(g).

The Act provides that the remedy available under Section 205(g), codified at 42 U.S.C. § 405(g), is exclusive. Specifically, "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h).

The Code of Federal Regulations establishes further guidelines regarding the statute of limitations for filing a civil action pursuant to this exclusive remedy provision:

> **\*3** Any civil action ... must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council is received by the individual.... [T]he date of receipt of ... notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c). Because the 60–day limit is a statute of limitations, "it is a condition on the waiver of sovereign immunity and thus must be strictly construed." *Bowen v. City of New York,* 476 U.S. 467, 479 (1986). The Supreme Court has stated that "an interpretation that would allow a claimant judicial review simply by filing and being denied a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in [the Act], to impose a 60–day limitation upon judicial review of the Secretary's final decision." *Califano v. Sanders,* 430 U.S. 99, 108 (1977).

Here, the Appeals Council issued its decision denying Twumwaa's request for review on June 7, 2013, and specifically informed Twumwaa (and her representative) that she had 60 days after receipt of the Notice to file a civil action. It further provided that, "[i]f you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file." The Council Notice was sent to the same address that Twumwaa listed on her Complaint. Twumwaa acknowledged in her Complaint that she received the Council Notice three days

later, on June 10, 2013. [4] Given that time line, Twumwaa was required to file a civil action (unless she received an extension of her time to file something she did not request) 60 days after June 10, 2013, or by August 9, 2013. 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c). However, Twumwaa did not file her Complaint until August 16, 2013, seven days late.

[4]    Under the applicable regulations, Twumwaa was presumed to have received the Council Notice five days after its issuance, or by June 12, 2013. 20 C.F.R. § 422.210(c). Thus, as the Commissioner points out, *see* Comm. Mem. at 5, n. 2, even if she had received the Notice on June 12, rather than on June 10, her Complaint would still not be timely. On that time table, her Complaint would have been due by August 12, and it was not filed until August 16.

Many courts have dismissed social security cases under similar circumstances. *See, e.g., Courtney,* 2014 WL 129051, at *2–3 (seven days late); *Pressley v. Astrue,* No. 12 Civ. 8461(NSR) (PED), 2013 WL 3974094, at *2–3 (S.D.N.Y. Aug. 2, 2013) (five days late); *Marquez v. Comm'r of Social Security,* No. 12 Civ. 8151(PAE) (SN), 2013 WL 3344320, at *4 (July 2, 2013) (one month late); *Rodriguez ex rel. J.J.T. v. Astrue,* 10 Civ. 9644(PAC) (JLC), 2012 WL 292382, at *2 (S.D.N.Y. Jan. 31, 2012) (21 days late); *Smith v. Comm'r of Social Security,* No. 08 Civ. 1547, 2010 WL 5441669, at *1 (E.D.N.Y. Dec. 23, 2010) (four days late); *Reyes v. Astrue,* 07 Civ. 10560(GBD)(RLE), 2008 WL 4155362, at *1 (S.D.N.Y. Sept. 9, 2008) (two months late); *Johnson v. Comm'r of Social Security,* 519 F.Supp.2d 448, 448–49 (S.D.N.Y.2007) (nine days late). [5] Twumwaa's Complaint is similarly untimely and, like the other cases, should be dismissed.

[5]    All of these cases except *Pressley* involved plaintiffs proceeding *pro se.*

### 2. Equitable Tolling Is Not Warranted

Although Twumwaa's Complaint is untimely, the Court can still review it if the doctrine of equitable tolling applies. *See Bowen,* 476 U.S. at 479. "[C]ases may arise where the equities in favor of tolling the limitations period are 'so great that deference to the [Social Security Administration's] judgment is inappropriate.' " *Id.* at 480 (quoting *Matthews v. Eldridge,* 424 U.S. 319, 329 (1976)). To this end, the Supreme Court has held that the application of the doctrine of equitable tolling to the

60–day requirement of Section 405(g) is 'fully 'consistent with the overall congressional purpose' and is 'nowhere eschewed by Congress.' " Bowen, 476 U.S. at 480 (quoting Honda v. Clark, 386 U.S. 484, 501 (1967)).

**\*4** Equitable tolling "permits courts to deem filings timely where a litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.' " Torres v. Barnhart, 417 F.3d 276, 279 (2d Cir.2005) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Application of the doctrine is appropriate only "in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights." Zerilli–Edelglass v. N.Y. Transit Auth., 333 F.3d 74, 80 (2d Cir.2003) (internal citations and quotations omitted); see also, e.g., Bowen, 476 U.S. at 481 (equitable tolling appropriate where "Government's secretive conduct prevent[ed] plaintiffs from knowing of a violation of rights"); Canales v. Sullivan, 936 F.2d 755, 759 (2d Cir.1991) (equitable tolling may be warranted for untimely complaint where claimant had mental impairment).

In examining the Complaint in the light most favorable to Twumwaa, I find that there is nothing in the record before the Court to demonstrate that she has been diligently pursuing her rights or that any "extraordinary" circumstances caused her to file her Complaint after the 60–day period had expired. See Barnhart, 417 F.3d at 279. Twumwaa alleges nothing in her Complaint to explain the delay in filing. In her response to the motion to dismiss, she claims only that the Commissioner's motion should be denied because she was "stressed" and "in pain" and "gave the motion to my former attorney to respond." [6] This claim is not sufficient to invoke the doctrine of equitable tolling.

[6]    It is not clear what Twumwaa means when she says that she gave "the motion" to her former attorney. She may mean the pending motion, or alternatively she may be referring to the Notice she received from the Appeals Council. In any event, this excuse does not provide a basis for equitable tolling.

The Second Circuit has made clear that illness cannot serve as a basis to toll the statute of limitations, observing that to "[a]llow disability claimants who have been denied benefits to toll the sixty-day period on grounds of poor health would thoroughly undermine [the Social Security Act's] sixty-day limitation period." Wong v. Bowen. 854

F.2d 630, 631 (2d Cir.1988). See also Courtney, 2014 WL 129051. at \*2 (illness insufficient basis for equitable tolling); Bender v. Astrue, No. 09 Civ. 5738(KAM), 2010 WL 3394264, at \*4 (E.D.N.Y. Aug. 23, 2010) (alleged medical ailments did not constitute extraordinary circumstances justifying equitable tolling). The record before the Court does not support equitable tolling on this basis. [7]

[7]    Twumwaa offers no medical evidence in opposition to the motion.

In sum, I find no basis in the record that would entitle Twumwaa to equitable tolling. While the result here may be harsh, given that Twumwaa only missed her filing deadline by seven days, the 60–day limit is a statute of limitations that must be strictly construed because it is a condition of a sovereign immunity waiver. As the Supreme Court has counseled, it is for Congress and not the courts to modify procedural requirements for obtaining judicial review of administrative decisions. See Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."). Ultimately, "Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims. Our duty, of course, is to respect that choice." Sanders, 430 U.S. at 108.

## III. CONCLUSION

**\*5** For the foregoing reasons, I recommend that the Commissioner's motion to dismiss be GRANTED.

## PROCEDURE FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed, R. Civ. P. 6. Such objections, and any responses to such objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Analisa Torres and to the chambers of the

undersigned, United States Courthouse, 500 Pearl Street, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Torres. **FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See Thomas v. Arn,* 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir.2010) (citing *Cephas v. Nash,* 328 F.3d 98, 107 (2d Cir.2003) and *Mario v. P & C Food Mkts., Inc.,* 313 F.3d 758, 766 (2d Cir.2002)); 28 U.S.C. § 636(b) (1); Fed.R.Civ.P. 72. If Courtney does not have access to cases cited herein that are reported on LexisNexis or Westlaw, he should request copies from the Commissioner. *See Lebron v. Sanders,* 557 F.3d 76, 79 (2d Cir.2009).

**All Citations**

Not Reported in F.Supp.3d, 2014 WL 1928381

---

**End of Document**  © 2017 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW  © 2017 Thomson Reuters. No claim to original U.S. Government Works.  5

2013 WL 5652476
Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.

Jackie COURTNEY, Plaintiff,
v.
Carolyn W. COLVIN, Acting Commissioner
of Social Security, Defendant.

No. 13 Civ. 2884(AJN)(JLC).
|
Oct. 17, 2013.

*REPORT AND RECOMMENDATION*

JAMES L. COTT, United States Magistrate Judge.

**\*1 To The Honorable Alison J. Nathan, United States District Judge:**
*Pro se* Plaintiff Jackie Courtney brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Acting Commissioner of Social Security (the "Commissioner") denying his claim for Social Security Supplemental Security Income ("SSI") benefits. The Commissioner has moved to dismiss the Complaint on the ground that it was not timely filed. For the reasons that follow, I recommend that the motion be GRANTED.

**I. BACKGROUND**

Courtney applied for SSI benefits on August 9, 2010. *See* Declaration of Donald V. Ortiz, dated June 19, 2013 ("Ortiz Decl."), (Dkt. No. 11), Exhibit 1 ("Ex.1"), at ECF page number 4) .[1] The application was denied, and Courtney requested a hearing, which was held on December 13, 2011. *Id.* Thereafter, the Administrative Law Judge ("ALJ") denied Courtney's claim in a decision issued on January 3, 2012 (the "ALJ's Decision"). *Id.* at ¶ 3(a), Exhibit 1.[2]

[1]   The Commissioner submitted the Ortiz Declaration in support of her motion. Ortiz is Acting Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Office of Disability

and Review, Social Security Administration. (Ortiz Decl. at 1).

[2]   In light of the Court's determination that the Commissioner's motion is properly made on the basis of Rule 12(b)(6), and not 12(b)(1) of the Federal Rules of Civil Procedure, *see infra* pp. 4–5, the Court cannot consider materials outside the Complaint without converting the motion into one for summary judgment under Rule 56. *See Global Network Commc'ns. Inc. v. City of New York.* 458 F.3d 150, 154–55 (2d Cir.2006). However, the Court can properly consider the ALJ's Decision attached to the Ortiz Declaration, which is not part of the Complaint, because Courtney had actual notice of the ALJ's Decision—indeed, it was addressed to him—and the document is integral to his claim in that Courtney has relied on the effects of the ALJ's Decision in drafting his Complaint. *See Rodriguez ex rel. J.J.T. v. Astrue,* 10 Civ. 9644(PAC)(JLC), 2011 WL 7121291, at *1 n. 2 (S.D.N.Y. July 25, 2011)* (citing *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir.2002), *adopted by* 2012 WL 292382 (S.D.N.Y. Jan.31, 2012); *see also Int'l Audiotext Network, Inc. v. AT & T,* 62 F.3d 69, 72 (2d Cir.1995) (although court limited to facts as stated in complaint, it may consider documents incorporated by reference without converting motion to one for summary judgment)). Furthermore, the Court's consideration of the ALJ's Decision is proper to the extent that Courtney referred to it in the Complaint. *See Chambers,* 282 F.3d at 152–53 (citations omitted); Compl. ¶ 6 (alleging that "[t]he Social Security Administration disallowed plaintiff's application" in the ALJ's Decision).

Courtney then sought review of the ALJ's decision, and on February 15, 2013, the Appeals Council sent Courtney a letter (the "Council Letter") denying his request for review and informing him that he had 60 days from receipt of the letter to file a civil action in federal court. *Id.* at ¶ 3(a), Exhibit 2.[3] The Council Letter further stated that the date of receipt was assumed to be five days after the date of the letter, unless Courtney could show that he did not receive it within the five-day period. (*Id.* at 2). The Council Letter was sent to Courtney at his Park Avenue address in the Bronx, the same address as the one listed in his Complaint. *Id.*

[3]   Courtney attached the Council Letter to his Complaint as required by the Southern District form, and it is properly considered under Rule 10(c) of the

Federal Rules of Civil Procedure. For clarity, when citing to the Council Letter, I will cite to it as "Council Letter, Compl. Ex. A" and use the corresponding page numbers of the three-page letter itself.

Courtney, proceeding *pro se,* filed his Complaint ("Compl.") using a Southern District form on April 29, 2013. (Dkt. No. 2). He also submitted a Request to Proceed *In Forma Pauperis,* which was granted by the Court on May 3, 2013. (Dkt.Nos.1, 3). Courtney alleged in his Complaint that he received the Council Letter on February 24, 2013. Compl., at ¶ 8. Apparently recognizing that the timeliness of his Complaint was an issue, Courtney handwrote the following at the bottom of his Complaint (on page 2):

> PLAINTIFF IS LATE FILING APPEAL BECAUSE OF ILLNESS. IDENTITY WAS STOLEN AND THE (sic) WAS NOTIFIED, AND WAS UNAWARE OF THAT. BECAME AWARE OF BOTH ISSUE (sic) AFTER NEW ADDRESS CHANGE.

On August 16, 2013, the Commissioner moved to dismiss, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (Commissioner's Memorandum of Law in Support of Motion to Dismiss ("Comm.Mem") at 1 (Dkt. No. 12)). Specifically, the Commissioner contends that Courtney's Complaint should be dismissed as untimely pursuant to 42 U.S.C. § 405(g) because the action was not commenced within 60 days after his presumed receipt of the Council's Letter (that is, the final decision of the Commissioner). (*Id.*).

**\*2** Courtney filed an affirmation in opposition to the motion to dismiss on a Southern District form on August 28, 2013. (Dkt. No. 13). In his Affirmation, Courtney attached a number of documents and stated the following (on page 2):

> I'VE PROVIDED COPY OF DOCUMENTS TO SHOW THAT I'VE BEEN HAVING PROCEDURES TO FIND OUT WHY I CAN'T HOLD FOOD ON STOMACK (sic);

> WHICH IN TURN EFFECT (sic) MY WEIGHT, ENERGY, SOCIAL SETTINGS AND LIFE IN GENERAL, WHICH ARE DATED 25 APR 13 FROM MONTEFIORE. I HAVE ALSO PROVIDED DOCUMENTS TO SHOW THAT I HAVE BEEN DEALING WITH THE FBI (VARIOUS DATES) CONCERNING MY IDENTITY BEING STOLEN AND USED IN MULTIPLE STATES WITH MULTIPLE COMPANIES AND AGENCIES; INCLUDING BUT NO (sic) LIMITED TO THE NYPD, FEMA, D.O.H., CREDIT CARD, LOAN, AND BANK COMPANIES; WHICH ALL HAVE BEEN OVERWHELMING TO MY HEALTH AS WELL AS FINACILLY (sic) BECAUSE OF ALL THE PAPER WORK WITH DIFFERENT LEVELS OF LAW ENFORCEMENT IN MULTIPLE STATES AND COURTS.

The Commissioner did not file any reply.

## II. DISCUSSION

### A. Standard of Review

"A statute of limitations defense, based exclusively on dates contained within the complaint or appended materials, may be properly asserted by a defendant in a Rule 12(b)(6) motion." *Gelber v. Stryker Corp.,* 788 F.Supp.2d 145, 153 (S.D.N.Y.2011) (citing *Ghartey v. St. John's Queens Hosp.,* 869 F.2d 160, 162 (2d Cir.1989)). Indeed, a motion to dismiss on statute of limitations grounds, as the Commissioner's motion here, "generally is treated as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), as opposed to under Rule 12(b)(1)." *Nghiem v. U.S. Dep't of Veterans Affairs,* 451 F.Supp.2d 599, 602 (S.D.N.Y.2006), *aff'd,* 323 F. App'x 16 (2d Cir. Mar.31, 2009) (summary order), *cert. denied,* 558 U.S. 1137, 130 S.Ct. 1121, 175 L.Ed.2d 928 (2010). The reason Rule 12(b)(6) provides "the most appropriate legal basis" for such a

motion is "because expiration of the statute of limitations presents an affirmative defense." *Id.* Accordingly, in deciding the motion, the Court "must accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Jaghory v. New York State Dep't of Educ.,* 131 F.3d 326, 329 (2d Cir.1997).

### B. Courtney's Social Security Claim

#### 1. The Complaint Is Untimely

It is well-established that the United States cannot be sued without its consent. *See, e.g., United States v. Navajo Nation,* 556 U.S. 287, 289, 129 S.Ct. 1547, 173 L.Ed.2d 429 (2009); *Cnty. of Suffolk. N.Y. v. Sebelius,* 605 F.3d 135. 140 (2d Cir.2010). Courtney seeks review of the Commissioner's final decision denying him benefits pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 405(g), which provides the requisite consent to be sued:

> Any individual, after any final decision of the Commissioner of Social Security ... may obtain a review of such a decision by a civil action commenced within 60 days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow....

**\*3** 42 U.S.C. § 405(g).

The Act provides that the remedy available under Section 205(g), codified at 42 U.S.C. § 405(g), is exclusive. Specifically, "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h).

The Code of Federal Regulations establishes further guidelines regarding the statute of limitations for filing a civil action pursuant to this exclusive remedy provision:

> Any civil action ... must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council is received by the individual.... [T]he date of receipt

of ... notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c). Because the 60–day limit is a statute of limitations, "it is a condition on the waiver of sovereign immunity and thus must be strictly construed." *Bowen v. City of New York,* 476 U.S. 467, 479, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). The Supreme Court has stated that "an interpretation that would allow a claimant judicial review simply by filing and being denied a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in [the Act], to impose a 60–day limitation upon judicial review of the Secretary's final decision." *Califano v. Sanders,* 430 U.S. 99, 108, 97 S.Ct. 980, 51 L.Ed.2d 192(1977).

Here, the Appeals Council issued its decision denying Courtney's request for review on February 15, 2013, and specifically informed Courtney that he had 60 days after the receipt of the letter to file a civil action. (Council Letter, Compl. Ex. A at 2). It further provided that "[i]f you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file." *Id.* The Council Letter was sent to the same address that Courtney listed on his Complaint. *See* Complaint ¶ 2 *with* Council Letter at 1. Under the applicable regulation, Courtney was presumed to have received the Council Letter five days later, or by February 20, 2013. 20 C.F.R. § 422.210(c). Given that time line, Courtney was required to file a civil action (unless he received an extension of his time to file—something he did not request) 60 days after February 20, 2013, or by April 22, 2013. 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c). [4] However, Courtney did not file his Complaint until April 29, 2013, seven days late.

[4]    As the Commissioner observed in her motion papers, sixty days after February 20, 2013 was April 21, 2013, a Sunday. Thus, Courtney had until the next business day, April 22, 2013, to file his complaint under Fed.R.Civ.P. 6(a)(1)(c), 6(a)(6)(A). *See* Comm. Mem. at 5 n. 2.

Many courts have dismissed social security cases under similar circumstances. *See, e.g., Pressley v. Astrue,* No. 12 Civ. 8461(NSR)(PED), 2013 WL 3974094, at \*2–3 (S.D.N.Y. Aug. 2, 2013) (5 days late); *Marquez v. Commissioner of Social Security,* No. 12 Civ. 8151(PAE)

(SN), 2013 WL 3344320, at *4 (July 2, 2013) (one month late); *Rodriguez ex rel. J.J.T. v. Astrue,* 10 Civ. 9644(PAC) (JLC), 2012 WL 292382, at *2 (S.D.N.Y. Jan. 31, 2012) (21 days late); *Smith v. Commissioner of Social Security,* No. 08 Civ. 1547, 2010 WL 5441669, at *1 (E.D.N.Y. Dec. 23, 2010) (4 days late); *Reyes v. Astrue,* 07 Civ. 10560(GBD) (RLE), 2008 WL 4155362, at *1 (S.D.N.Y. Sept. 9, 2008) (two months late); *Johnson v. Comm'r of Social Security,* 519 F.Supp.2d 448, 448–49 (S.D.N.Y.2007) (9 days late). [5]

[5]  All of these cases except *Pressley* involved plaintiffs proceeding *pro se.*

**\*4**  Courtney stated in his Complaint that he received the Council Letter on February 24, 2013, *nine* days after the notice was issued rather than the presumed *five* days. As a threshold matter, this unsupported suggestion of a possible delay in receipt of the Council Letter is insufficient to rebut the presumed five-day notice. *See, e.g. Marquez,* 2013 WL 3344320, at *4 (even granting *pro se* plaintiff's complaint "liberal interpretation to which it is entitled," unexplained statement of delay in receipt, "standing alone, does not constitute a 'reasonable showing to the contrary' within the meaning of 20 C.F.R. § 422.210(c)"); *Guinyard v. Apfel,* No. 99 Civ. 4242(MBM), 2000 WL 297165, at *3 (S.D.N.Y. Mar.22, 2000) ("naked assertion" of delayed receipt of Commissioner's final decision insufficient to rebut presumption of receipt within five days, "for otherwise any claimant missing the filing deadline could evade the limitations period simply by asserting belated receipt of the decision without presenting any affirmative evidence of the tardy arrival"). Moreover, as the Commissioner notes, given that February 24, 2013 was a Sunday, a day on which mail is not delivered, Courtney's claim of receipt is "unworthy of credit" and fails to rebut the five-day presumption of receipt. Comm. Mem. at 6.

In any event, even if the Court credits Courtney's date of receipt, the Complaint is still untimely. Sixty days following February 24, 2013 is April 25, 2013, and, by Courtney's own admission, the Complaint was not filed until April 29, 2013, four days after the deadline for filing. Thus, under any scenario, Courtney's Complaint is untimely. [6]

[6]  In this case, the Complaint is dated April 29, 2013, it was received by the Pro Se Office on April 29, 2013, and filed on the docket on April 29, 2013, so there can

be no other operative date from which to calculate the timeliness of the Complaint on the back end.

### 2. Equitable Tolling Is Not Warranted

Although Courtney's Complaint is untimely, the Court can still review it if the doctrine of equitable tolling applies. *See Bowen,* 476 U.S. at 479. "[C]ases may arise where the equities in favor of tolling the limitations period are 'so great that deference to the [Social Security Administration's] judgment is inappropriate.' " *Id.* at 480 (quoting *Matthews v. Eldridge,* 424 U.S. 319, 329, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)). To this end, the Supreme Court has held that the application of the doctrine of equitable tolling to the 60–day requirement of § 405(g) is "fully 'consistent with the overall congressional purpose' and is 'nowhere eschewed by Congress.' " *Bowen,* 476 U.S. at 480 (quoting *Honda v. Clark,* 386 U.S. 484, 501 (1967)).

Equitable tolling "permits courts to deem filings timely where a litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.' " *Torres v. Barnhart,* 417 F.3d 276, 279 (2d Cir.2005) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)). Application of the doctrine is appropriate only "in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli–Edelglass v. N.Y. Transit Auth.,* 333 F.3d 74, 80 (2d Cir.2003) (internal citations and quotations omitted); *see also, e.g., Bowen,* 476 U.S. at 481 (equitable tolling appropriate where "Government's secretive conduct prevent[ed] plaintiffs from knowing of a violation of rights"); *Canales v. Sullivan,* 936 F.2d 755, 759 (2d Cir.1991) (equitable tolling may be warranted for untimely complaint where claimant had mental impairment),

**\*5**  In examining the Complaint in the light most favorable to Courtney, I find that there is nothing in the record before the Court to demonstrate that Courtney has been diligently pursuing his rights or that any "extraordinary" circumstances caused him to file his complaint after the 60–day period had expired. *See Barnhart,* 417 F.3d at 279. Courtney claims that he filed his Complaint late due to: (1) illness; (2) stolen identity; and (3) an address change. *See* Compl., at page 2. These claims are not sufficient to invoke the doctrine of equitable tolling.

The Second Circuit has made clear that illness cannot serve as a basis to toll the statute of limitations, observing that to "[a]llow disability claimants who have been denied benefits to toll the sixty-day period on grounds of poor health would thoroughly undermine [the Social Security Act's] sixty-day limitation period." *Wong v. Bowen,* 854 F.2d 630, 631 (2d Cir.1988). *See also Bender v. Astrue,* No. 09 Civ. 5738(KAM). 2010 WL 3394264, at *4 (E.D.N.Y. Aug.23, 2010) (alleged medical ailments did not constitute extraordinary circumstances justifying equitable tolling). The record before the Court does not support equitable tolling on this basis. [7]

[7]     The only medical evidence offered by Courtney in opposition to the motion is a one-page endoscopy suite discharge instruction sheet from Montefiore Hospital that he received, apparently upon his discharge from the hospital. Courtney Affirmation, at page 3 (Dkt. No. 13).

In addition, Courtney has not explained how a change of address or an alleged identity theft prevented him from timely filing his lawsuit. No change of address appears evident from the record before the Court. As previously noted, the same address is listed on the Complaint filed on April 29, 2013 as was listed in the Council Letter sent to Courtney on February 15, 2013. [8] And Courtney acknowledges that he received the Council Letter on February 24, 2013, As to identity theft, the only information that Courtney provides are a letter to him (at the Park Avenue address in the Bronx) from the Federal Bureau of Investigation dated March 8, 2013 making reference to an undated letter concerning his criminal history record, a non-criminal fingerprint application on an NYPD Form dated April 10, 2013, and a letter from Federal Emergency Management Agency (also sent to the Park Avenue address) dated August 12, 2013 regarding his request for the review of a decision concerning a debt Courtney apparently owes. Courtney Affirmation, at pages 4–6 (Dkt, No. 13). These documents do not explain any issues related to identity theft, nor do they warrant any invocation of equitable tolling.

[8]     I note that Notice of the ALJ's Decision dated January 3, 2012 was sent to a different address for Courtney (a street address in Brooklyn, not at his current residence in the Bronx). *See* Ortiz Dec., ¶ 3(a), Exh. 1.

In sum, I find no basis in the record that would entitle Courtney to equitable tolling. While the result here may be harsh, given that Courtney only missed his filing deadline by a few days, the 60–day limit is a statute of limitations that must be strictly construed because it is a condition of a sovereign immunity waiver. As the Supreme Court has counseled, it is for Congress and not the courts to modify procedural requirements for obtaining judicial review of administrative decisions. *See Baldwin Cnty. Welcome Ctr. v. Brown,* 466 U.S. 147, 152, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."). Ultimately, " 'Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims. Our duty, of course, is to respect that choice." *Sanders,* 430 U.S. at 108.

## III. CONCLUSION

**\*6** For the foregoing reasons, I recommend that the Commissioner's motion to dismiss be GRANTED.

## *PROCEDURE FOR FILING OBJECTIONS*

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Such objections, and any responses to such objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Alison J. Nathan and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Nathan. **FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wagner & Wagner. LLP v. Atkinson. Haskins. Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir.2010) (citing *Cephas v. Nash,* 328 F.3d 98, 107 (2d Cir.2003) and *Mario v. P & C Food Mkts., Inc.,* 313 F.3d 758, 766

(2d Cir.2002)); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72. If Courtney does not have access to cases cited herein that are reported on LexisNexis or Westlaw, he should request copies from the Commissioner. *See Lebron v. Sanders,* 557 F.3d 76, 79 (2d Cir.2009).

**All Citations**

Not Reported in F.Supp.2d, 2013 WL 5652476

---

**End of Document**

© 2017 Thomson Reuters. No claim to original U.S. Government Works.

2014 WL 129051
Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.

Jackie COURTNEY, Plaintiff,
v.
Carolyn W. COLVIN, Acting Commissioner
of Social Security, Defendant.

No. 13 Civ. 02884(AJN).
|
Jan. 14, 2014.

*MEMORANDUM AND ORDER*

ALISON J. NATHAN, District Judge.

 *1 The pro se Plaintiff in this matter, Mr.
Jackie Courtney, has filed a Complaint against the
Defendant Acting Commissioner of Social Security (the
"Commissioner") seeking judicial review of a final
decision denying Mr. Courtney's claim for Social Security
Supplemental Security Income ("SSI") benefits. (Compl.
at 1). On February 15, 2013, the Appeals Council denied
Mr. Courtney's request for review and on February 24,
2013, Mr. Courtney received the Appeals Council letter
informing him of this decision and the 60 day limitations
period, which commenced upon receipt of the letter.
(Compl. at 2–4). The Complaint was filed on April 29,
2013, and included a handwritten note stating "Plaintiff is
late filing appeal because of illness, identity was stolen and
the [*sic*] was notified, and was unaware of that. Became
aware of both issue[s] after new address change." (Compl.
at 2).

The Commissioner moved to dismiss, arguing that the
Complaint was not filed with the 60 day statute of
limitations provided by 42 U.S.C. § 405(g). (Mot. at 1)
Mr. Courtney opposed, submitting documents that he
contended demonstrated (1) that he was ill and unable to
"hold food on [his] stomac[h]" and had been dealing with
the FBI concerning his identity having been stolen. (Opp.
at 2).

The motion was referred to Magistrate Judge Cott
for a Report and Recommendation, which issued on
October 17, 2013, and recommended granting the motion
to dismiss. Magistrate Judge Cott concluded that the
Complaint was not timely filed because it was filed after
the 60 day limitations period expired. (R & R at 4–8).
Magistrate Judge Cott further construed Mr. Courtney's
assertions regarding his illness, the theft of his identity,
and his claimed address change as an invocation of
the doctrine of equitable tolling, but determined that
equitable tolling was not warranted. (R & R at 8–11).

Mr. Courtney filed an objection to the R & R on
November 4, 2013, which stated, in full, "I have provided
proof of me being ill and documentation show [*sic* ] all
of the other stuff I've been dealing with recently. I've
upheld all of the dates to [the] best of my ability. I have
attached medical and procedure documents as well as
documents to show some of the processes." (Obj. at 1).
Defendant responds that Mr. Courtney has not raised
a proper objection but has simply reasserted the same
arguments made before Magistrate Judge Cott.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(b)(1) provides that
a magistrate judge may hear a dispositive motion and
enter a recommended disposition of that matter. *See also*
28 U.S.C. § 636(b)(1)(B). Within fourteen days of being
served with a copy of such a recommended disposition,
a party may serve and file written objections to that
recommendation, and "the district judge must determine
*de novo* any part of the recommended disposition that has
been properly objected to." Fed. R. Civ. Proc. 72(b)(2),
(3); *see also* 28 U.S.C. § 636(b)(1). However, a district
court applies a "clearly erroneous" standard in reviewing
a report and recommendation to which a party makes
only a conclusory or general objection, or simply reiterates
his original arguments. *Coble v. Rock,* No. 12–cv–6587,
2013 U.S. Dist. LEXIS 135674, at *3–4, 2013 WL 5323733
(S.D.N .Y. Sept. 20, 2013); *Laster v. Mancini,* No. 07
Civ. 8265, 2013 U.S. Dist. LEXIS 138599, at *6–7, 2013
WL 5405468 (S.D.N.Y. Sept. 25, 2013). "A decision is
'clearly erroneous' when the reviewing Court is left with
the definite and firm conviction that a mistake has been
committed." *Laster,* No. 07 Civ. 8265, 2013 U.S. Dist.
LEXIS 138599, at *7, 2013 WL 5405468 (quotation marks
omitted).

 *2 In this case, Mr. Courtney has merely reiterated
his arguments made before Magistrate Judge Cott,
and a clearly erroneous standard of review would be

appropriate. However, even reviewed *de novo* the Court does not find any error in Magistrate Judge Cott's decision.

## II. THE COMPLAINT WAS NOT TIMELY FILED

From the face of Mr. Courtney's Complaint, it is clear that he did not comply with the 60 day limitations period: taking his allegations as true, he filed his complaint 64 days after receiving the notice from the Appeals Council triggering the limitations period. (Compl. at 2–3). Indeed, he concedes as much in his handwritten note on the face of the Complaint and does not contest this point in his papers before Magistrate Judge Cott and this Court. As the Magistrate Judge correctly held, as a waiver of sovereign immunity Section 405(g)'s sixty day deadline is strictly construed and courts in the Second Circuit have not hesitated to find that complaints that miss this deadline by a matter of days are untimely. *Bowen v. New York,* 476 U.S. 467, 479, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986); *Pressley v. Astrue,* No. 12 Civ. 8461, 2013 U.S. Dist. LEXIS 109736, at *6–7 (S .D.N.Y. June 12, 2013) (five days late); *Carmichael v. Astrue,* No. 12–CV–6547T, 2013 U.S. Dist. LEXIS 34182, at *6, 2013 WL 956779 (W.D.N.Y. Mar.12, 2013) (five days late); *Ware v. Astrue,* No. 12 Civ. 3381, 2013 U .S. Dist. LEXIS 16256, at *3, 2013 WL 444766 (S.D.N.Y. Feb. 6, 2013) (nine days late); *Smith v. Comm'r of Soc. Sec.,* No. 08–cv–1547, 2010 U.S. Dist. LEXIS 136002, at *4, 2010 WL 5441669 (E.D.N.Y. Dec. 22, 2010) (four days late).

## III. PLAINTIFF HAS NOT PROVED A BASIS FOR EQUITABLE TOLLING

The sixty day deadline in § 405(g) is, however, potentially subject to equitable tolling which may excuse a claimant's failure to file the complaint on time. *See Bowen,* 476 U.S. at 480. However, to obtain the benefit of equitable tolling a claimant must prove (1) that he acted with reasonable diligence during the time period to be tolled and (2) extraordinary circumstances justify the application of the doctrine. *Zerilli–Edelglass v. New York City Transit Auth.,* 333 F.3d 74, 80 (2d Cir.2003).

Liberally construed, and as Magistrate Judge Cott noted, Plaintiff asserts three potential grounds for equitable tolling: illness which made it difficult for him to "hold food on his stomach;" the theft of his identity; and a claimed change of address. (Opp. at 2; Compl. at 2). Plaintiff has failed to carry his burden to show that equitable tolling

should apply. As to Plaintiff's illness, none of the materials submitted with Plaintiff's Complaint or in connection with the motion to dismiss demonstrates that Plaintiff was so ill that it affected his ability to comply with the deadline. (Compl. at 1 & accompanying exhibits; Opp. at 2–3). Even if illness were sufficient in some circumstances to justify the application of equitable tolling, Plaintiff has not established that this is such a case. *See Wong v. Bowen,* 854 F.2d 630, 631 (2d Cir.1988) ("Allowing disability claimants who have been denied benefits to toll the sixty-day period on grounds of poor health would thoroughly undermine Section 205(g)'s sixty-day limitation period."); *Bender v. Astrue,* No. 09–cv–5738, 2010 U.S. Dist. LEXIS 86219, at *13, 2010 WL 3394264 (E.D.N.Y. Aug. 23, 2010) ("Although tolling on the basis of illness requires a case-specific inquiry, poor health is generally not grounds for equitable tolling under 42 U.S.C. § 405(g)...."); *Liranzo v. Astrue,* 07–cv–5074, 2010 U .S. Dist. LEXIS 15840, at *10–11, 2010 WL 626791 (E.D.N.Y. Feb. 19, 2010); *Davila v. Barnhart,* 02 CIV. 194, 2002 U.S. Dist. LEXIS 5260, at *6–7 (S.D.N .Y.2002).

**\*3** Likewise, as to Plaintiff's alleged identity theft and change of address, the Court agrees with Magistrate Judge Cott that the record does not demonstrate that any identity theft or change of address precluded him from complying with the statutory deadline. Even taking at face value Plaintiff's claims that these events occurred, they do not appear to be the sort of extraordinary circumstances justifying equitable tolling. *See, e.g., Boos v. Runyon,* 201 F.3d 178, 185 (2d Cir.2000) ("[Plaintiff's] conclusory and vague claim, without a particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights, is manifestly insufficient to justify any further inquiry into tolling."); *Bender,* No. 09–cv–5738, 2010 U.S. Dist. LEXIS 86219, at *14–15, 2010 WL 3394264 (health issues and computer malfunctions did not rise to the level of extraordinary circumstances); *Liranzo,* 07–cv–5074, 2010 U.S. Dist. LEXIS 15840, at *10–11, 2010 WL 626791 (failure to check mail often enough, possibility that mail was stolen, and health issues did not warrant equitable tolling).

The Court denies Plaintiff's objections to the Report and Recommendation and adopts it in full. The motion to dismiss is GRANTED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from its order would not be taken in good faith and, therefore, that in forma

pauperis status is denied for the purpose of an appeal. See *Coppedge v. United States,* 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

**All Citations**

Not Reported in F.Supp.3d, 2014 WL 129051

---

**End of Document**

© 2017 Thomson Reuters. No claim to original U.S. Government Works.

2015 WL 1262276
Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.

Miguel A. BORRERO, Plaintiff,

v.

Carolyn W. COLVIN, Acting Commissioner
of Social Security, Defendant.

No. 14CV5304–LTS–SN.
|
Signed March 19, 2015.

*MEMORANDUM ORDER ADOPTING
REPORT AND RECOMMENDATION*

LAURA TAYLOR SWAIN, District Judge.

**\*1** *Pro se* Miguel A. Borrero ("Plaintiff"), brings
this action, pursuant to Section 205(g) of the Social
Security Act (the "Act"), 42 U.S.C. section 405(g), seeking
judicial review of the final determination of the Acting
Commissioner of Social Security (the "Commissioner")
denying his application for Social Security Disability
Benefits. The Commissioner moved for to dismiss
pursuant to Rule 12(b)(6) of the of the Federal Rules of
Civil Procedure, arguing that Plaintiff's claims are time-
barred by Section 205(g), which sets a sixty-day limit
for a claimant to file a civil action seeking review of
the Commissioner's decision. *See* 42 U.S.C. § 405(g).
Before the Court is the Report and Recommendation
(the "Report") of Magistrate Judge Sarah Netburn,
recommending that the Commissioner's motion be denied.
Plaintiff filed a timely objection to the Report.

When reviewing a report and recommendation, the Court
"may accept, reject, or modify, in whole or in part, the
findings or recommendations made by the magistrate." 28
U.S.C.S. § 636(b)(1) (C) (LexisNexis 2012). If a party
raises specific objections to the magistrate's findings, the
Court must subject the issues raised by these objections to
de novo review. *United States v. Male Juvenile,* 121 F.3d
34, 38 (2d Cir.1997); *Richards v. Calvet,* No. 99CV12172,
2005 WL 743251, at \*2 (S.D.N.Y. Mar. 31, 2005). When
a party makes only conclusory or general objections,
or simply reiterates original arguments, however, the

court will only review the magistrate's report for clear
error. *Camardo v. Gen. Motors Hourly–Rate Employees
Pension Plan.* 806 F.Supp. 380, 382 (W.D.N.Y .1992);
*Orix Financial Services, Inc. v. Thunder Ridge Energy, Inc.,*
No. 01CV4788, 2006 WL 587483, at \*1 (S.D.N.Y. March
8, 2006).

Plaintiff's objection merely reiterates his account of his
diligent pursuit of his rights, which he believes caused him
to initiate this action after the time to file had lapsed. This
argument was considered and rejected in the Report and,
therefore, the Court reviews the Report for clear error.

Having reviewed Magistrate Judge Netburn's thorough
and well-reasoned Report, the Court finds no clear error.
Therefore, the Court adopts the Report in its entirety.
Accordingly, the Court grants the Commissioner's
motion. The Clerk of Court is respectfully requested to
enter judgment and close this case.

This Order resolves docket entry no. 10.

SO ORDERED.

*REPORT AND RECOMMENDATION*

SARAH NETBURN, United States Magistrate Judge.

**TO THE HONORABLE LAURA T. SWAIN:**
*Pro se* plaintiff Miguel Borrero brings this action pursuant
to Section 205(g) of the Social Security Act (the "Act"),
42 U.S.C. § 405(g), seeking judicial review of the final
determination of the Commissioner of Social Security
(the "Commissioner") denying his application for Social
Security Disability Insurance Benefits ("DIBs"). The
Commissioner filed a motion to dismiss pursuant to
Federal Rule of Civil Procedure 12(b)(6), arguing that
Borrero's claims are time-barred by Section 205(g), which
sets a sixty-day limit for a claimant to file a civil action
seeking judicial review of the Commissioner's decision. 42
U.S.C. § 405(g).

**\*2** It is undisputed that Borrero's claim was not
timely filed. Because Borrero may have been pursuing
his rights diligently but has not demonstrated that
some extraordinary circumstances stood in his way, I
recommend that the Commissioner's motion to dismiss be

GRANTED, and that Borrero's claim be dismissed with prejudice.

## PROCEDURAL BACKGROUND

On October 1, 2002, Borrero filed an application for DIBs. (ECF No. 1–4 (ALJ Decision–Unfavorable).) On August 27, 2004, the administrative law judge ("ALJ") found Borrero disabled under the Act as of September 26, 2002, and disability payments commenced thereafter. *Id.* In December 2010, the Commissioner initiated a continuing disability review. *Id.* After numerous hearings and determinations, the ALJ issued a final decision, on July 5, 2013, finding that Borrero's disability had ended pursuant to Section 223(f) of the Act. Id Borrero sought review of the decision by the Appeals Council, and on April 25, 2014, the Appeals Council sent a notice to Borrero denying his request. (ECF No. 1–5 (Notice of Appeals Council Action).) The notice informed Borrero that he had a right to commence a civil action within 60 days of receipt of the notice, which would make June 30, 2014 the last day to file a timely complaint. (*See* ECF No. 1–6; *infra* note 1.) Borrero's complaint was filed with the Court's *Pro Se* Office on July 9, 2014.

On December 1, 2014, the Commissioner filed a motion to dismiss or, in the alternative, for summary judgment, with supporting memorandum of law, declaration, and Rule 56.1 statement, arguing that Borrero's claims are time-barred by Section 205(g) of the Act. (ECF Nos. 10–13.) On January 8, 2015, the Court issued an Order to Show Cause, directing Borrero to file a declaration providing whatever information he had to support the argument that he had "been pursuing his rights diligently" and that "some extraordinary circumstances stood in his way" such that the Court should toll the time period for filing his complaint. (ECF No. 15 (citing *Torres v. Barnhart,* 417 F.3d 276, 279 (2d Cir.2005).) On February 11, 2015, Borrero filed a letter with the Court. (ECF No. 16.) Borrero explained that he had been waiting for the National Association of Disability Representatives ("NADR") to appoint him a lawyer. (*Id.*) On April 25, 2014, he went to the Social Security Office in Monticello, New York to request an extension and learned that NADR only handles state, not federal, disability claims. (*Id.*) He was given contact information for the Southern District of New York, contacted the District Court, and thereafter sent his claim to the *Pro Se* Office. (*Id.*)

## DISCUSSION

### I. Standard of Review

Judicial review of cases arising under Title II of the Act is provided for, and expressly limited by, Sections 205(g) and (h) of the Act. 42 U.S.C. §§ 405(g), (h). Under these provisions, a plaintiff must present her claims in the district court within 60 days after the mailing of the notice of a final decision, or within such further time as the Commissioner may allow. 42 U.S.C. § 405(g). "Because the 60–day time limit defines the terms on which the United States waives its sovereign immunity and consents to be sued, it is strictly construed." *Davila v. Barnhart,* 225 F.Supp.2d 337, 338 (S.D.N.Y.2002) (citing *Bowen v. City of New York,* 476 U .S. 467, 479 (1986); *Randell v. United States,* 64 F.3d 101, 106 (2d Cir.1995)).

**\*3** The "60–day requirement is not jurisdictional, but rather constitutes a period of limitations." *Bowen,* 476 U.S. at 478 (citations omitted). And because the expiration of the statute of limitations is an affirmative defense, it is best asserted under Rule 12(b)(6). *Rodriguez ex rel. J.J.T. v. Astrue,* 10 Civ. 9644(PAC)(JLC), 2011 WL 7121291, at \*2 (S.D.N.Y. July 25, 2011) ("[A] motion to dismiss on statute of limitations grounds ... 'generally is treated as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), as opposed to under Rule 12(b)(1).' " (quoting *Nghiem v. U.S. Dep't of Veterans Affairs,* 451 F.Supp.2d 599, 603 (S.D.N.Y.2006), *aff'd,* 323 F. App'x 16 (2d Cir.2009))).

In deciding a 12(b)(6) motion, the Court "must accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Jaghory v. New York State Dep't of Educ.,* 131 F.3d 326, 329 (2d Cir.1997) (citing cases).

### II. Timeliness of Filing

Section 205(g) of the Act provides that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision

by a civil action *commenced within sixty days after the mailing to him of notice of such decision* or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added). The "mailing" is the date the individual receives the Appeals Council's notice or decision, which is presumed to be five days after the notice's date unless "there is a reasonable showing to the contrary." *Matsibekker v. Heckler,* 738 F.2d 79, 81 (2d Cir.1984) (citing 20 C.F.R. § 422.210(c)); *Marquez v. Comm'r of Soc. Sec'y,* 12 Civ. 8151(PAE) (SN), 2013 WL 3344320, at *3 (S.D.N.Y. July 2, 2013) (citing same); *Bender v. Astrue,* 09 Civ. 5738(KAM), 2010 WL 3394264, at *3 (E.D .N.Y. Aug. 23, 2010) (citing 20 C.F.R. §§ 404.981, 422.210(c)).

Failure to file a complaint within the statutory limitation most often requires dismissal of the case, even where the delay is minor and the plaintiff is *pro se. See, e.g., Twumwaa v. Colvin,* 13 Civ. 5858(AT)(JLC), 2014 WL 1928381, at *3–4 (S.D.N.Y. May 14, 2014) (dismissing *pro se* complaint filed seven days late); *Courtney v. Colvin,* 13 Civ. 2884(AJN)(SN), 2014 WL 129051, at *2 (S.D.N.Y. Jan. 14, 2014) (four days late); *Rodriguez ex rel. J.J.T.,* 2012 WL 292382, at *2 (three weeks late); *Johnson v. Comm'r of Soc. Sec'y,* 519 F.Supp.2d 448, 449 (S.D.N.Y.2007) (nine days late); *Monje v. Shalala,* 93 Civ. 4707(MBM), 1995 WL 540028, at *1, 3 (S.D.N.Y. Sept. 4, 1995) (six days late), *aff'd,* 112 F.3d 504 (2d Cir.1996); *Smith v. Comm'r of Soc. Sec'y,* 08 Civ. 1547(NGG), 2010 WL 5441669, at *1 (E.D.N.Y. Dec. 23, 2010) (four days late).

**\*4** Here, the ALJ denied Borrero's claim for DIBs on July 5, 2013. On April 25, 2014, the Appeals Council sent a notice to Borrero denying his request to review the ALJ's decision. Therefore, Borrero is presumed to have received the notice five days after the notice's April 25, 2014 date, or by April 30, 2014. As a result, the last day to file a timely complaint was 60 days later, or by Monday, June 30, 2014. [1] Borrero, however, submitted his complaint to the *Pro Se* Office for the Southern District of New York nine days after the statutory deadline, or July 9, 2014, and did not provide reasons for the delay. Nor did Borrero request from the Commissioner "further time" in which to file his action. *See* 42 U.S.C. § 405(g). As a result, his complaint is untimely.

[1]   The sixtieth day after April 30, 2014 was Sunday, June 29, 2014. Therefore, plaintiff had until that Monday, June 30, 2014, to file his complaint. *See* Fed.R.Civ.P. 6(a)(3)(A).

### III. Equitable Tolling

The doctrine of equitable tolling may excuse a failure to file a complaint on time. "[C]ases may arise where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.' " *Bowen,* 476 U.S. at 480 (quoting *Mathews v. Eldridge,* 424 U.S. 319, 329 (1976)). To obtain the benefit of equitable tolling, a claimant must show that although "he has been pursuing his rights diligently ... some extraordinary circumstance stood in his way." *Torres,* 417 F.3d at 276, 279 (finding that the district court abused its discretion by not holding an evidentiary hearing where a *pro se* plaintiff reasonably believed that an attorney would assist him in filing a complaint, and upon notification that it had not been filed, he immediately contacted the court to submit a sworn affidavit explaining the delay (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)); *Dixon v. Shalala,* 54 F.3d 1019, 1033 (2d Cir.1995) (finding equitable tolling appropriate even where "the party against whom it is asserted has [not] engaged in some egregious affirmative misconduct"); *Canales v. Sullivan,* 936 F.2d 755, 759 (2d Cir.1991), *on reh'g* 947 F.2d 45 (finding equitable tolling appropriate where the claimant was incapacitated due to a mental impairment). The claimant bears the "burden of demonstrating the appropriateness of equitable tolling." *Boos v. Runyon,* 201 F.3d 178, 185 (2d Cir.2000).

Equitable tolling has been deemed appropriate, however, only in the "rare case." *Bowen,* 476 U.S. at 481. *See, e.g., Wong v. Bowen,* 854 F.2d 630, 631 (2d Cir.1988) (declining to toll the deadline due to claimant's assertion of poor health); *Twumwaa,* 2014 WL 1928381, at *4 (declining to toll the deadline where the claimant stated only that she was "stressed," "in pain," and "gave the motion to [her] former attorney to respond"); *Marquez,* 2013 WL 3344320, at *5 (declining to toll the deadline where claimant did "not allege a misunderstanding or incapacity ... nor ... any diligence"); *Guinyard v. Apfel,* 99 Civ. 4242(MBM), 2000 WL 297165, at *3 (S.D.N.Y. March 22, 2000) (declining to toll the deadline where claimant failed to "present some affirmative evidence indicating that the actual receipt [of the Notice of Appeals

decision] occurred more than five days after issuance" or that she was incapacitated by mental impairment during the statutory time period); *Bender,* 2010 WL 3394264, at *4 (declining to toll the deadline due to alleged medical ailments). This is because reopening a petitioner's "claim would frustrate the congressional purpose, plainly evidenced in [Section] 205(g), to impose a 60–day limitation upon judicial review of the [Commissioner's] final decision." *Califano v. Sanders,* 430 U.S. 99, 108(1977).

**\*5** Reviewing Borrero's complaint and February 11, 2015 letter in the light most favorable to him, Borrero may have been pursuing his rights diligently, but he has not demonstrated that some extraordinary circumstances stood in his way to prevent his timely filing. Although Borrero's correspondence is not entirely clear, some of the evidence suggests that Borrero pursued his rights diligently: he sought a lawyer from NADR and appears to have gone to the Monticello Social Security Office (the "Monticello Office") to seek an extension when he was concerned about filing within the 60–day deadline. Other evidence, however, suggests that he was less than diligent. (*See* ECF No. 16.) He indicates that he went to the Monticello Office to seek the extension on April 25, 2014, the same day that the Appeals Council's denial notice is dated. (*Compare* ECF No. 1–5 (Notice of Appeals Council Action) with ECF No. 16 (Borrero letter).) Because the 60–day clock began to run five days after April 25, 2014, Borrero would not yet have needed the extension on that date. Even assuming he went to the Monticello Office on or about April 25, 2014 and learned that NADR does not assist with federal disability claims, he did not file his complaint immediately thereafter but waited over two months, or until July 9, 2014, to do so —at which point he had missed the statutory deadline. Regardless of these discrepancies, however, the Court need not determine whether he satisfies the diligence prong for tolling because Borrero's justification falls short of satisfying the second prong required to warrant tolling: "extraordinary circumstances." *Torres,* 417 F.3d at 278.

Borrero's reliance on NADR to appoint him a lawyer in a timely fashion does not rise to the level of misunderstanding that other courts have deemed extraordinary. (ECF No. 16). *See, e.g., Torres,* 417 F.3d at 277–78; *Hernandez v. Sullivan,* 91 Civ. 1836(LBS), 1991 WL 243451 (S.D.N.Y. Nov. 8, 1991). In *Torres v. Barnhart,* for example, the *pro se* plaintiff presented

communications between himself and an attorney who had affirmatively, and in writing, agreed to represent him in his appeal. 417 F.3d at 277–78. The lawyer sent the plaintiff a letter giving him various instructions, and enclosing a Social Security Appointment of Representative and Appointment of Representative forms, both of which the plaintiff signed and sent back to the lawyer. *Id.* Upon learning that the lawyer never filed his appeal with the district court, the plaintiff immediately wrote to the *Pro Se* Office and attached a notarized statement explaining his failure to file his appeal timely. *Id.* Similarly, in *Hernandez v. Sullivan,* the court held that equitable tolling was appropriate where the plaintiff relied on the written legal advice of his attorney, but that advice informed him of an incorrect filing deadline. 1991 WL 243451. *See also Reape v. Colvin,* 13 Civ. 1426(GTS)(CFH), 2015 WL 275865, at *4 (N.D.N.Y. Jan. 22, 2015) (discussing *Torres* and *Hernandez* and holding that the plaintiff's allegations that his attorney provided "bad advice" and "multiple individuals" at the Social Security Office told him he was within the time limits were "conclusory and vague," and thus, insufficient to demonstrate extraordinary circumstances to warrant tolling). In both *Torres* and *Hernandez,* "extraordinary circumstances" were demonstrated where the *pro se* plaintiffs were represented *and* relied on their attorney's affirmative (mis)advice. Here, Borrero had not engaged an attorney and did not affirmatively rely on the advice of an attorney in missing the deadline.

**\*6** Nor was Borrero mentally, or otherwise, incapacitated, which could demonstrate "extraordinary circumstances." *Cf. Canales,* 936 F.2d 755. *See Boos,* 201 F.3d at 185 ("[Plaintiff's] conclusory and vague claim, without a particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights, is manifestly insufficient to justify any further inquiry into tolling."). Indeed, Borrero's compliance with the statute of limitations at earlier stages of the appeals process—namely his request to the Appeals Council —"indicates that he was accustomed to operating under time constraints and capable of doing so, even when acting *pro se.*" *Monje,* 1995 WL 540028, at *3. Demonstrating "extraordinary circumstances" is a difficult standard to satisfy, and Borrero has not met it. Borrero's failure to file his complaint within the statutory period warrants dismissal.

## CONCLUSION

Because Borrero has not demonstrated that, regardless of whether he pursued his rights diligently, some extraordinary circumstances stood in his way, I recommend that the Commissioner's motion to dismiss be GRANTED, and that Borrero's claim be dismissed with prejudice.

* * *

## NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed.R.Civ.P. 6(a), (d) (adding three additional days when service is made under Fed.R.Civ.P. 5(b)(2) (C), (D), (E), or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed.R.Civ.P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Laura T. Swain at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Swain. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(d), 72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).

**SO ORDERED.**

Filed Feb. 25, 2015.

**All Citations**

Not Reported in F.Supp.3d, 2015 WL 1262276

---

**End of Document**                    © 2017 Thomson Reuters. No claim to original U.S. Government Works.

2015 WL 10641784
Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.

Jimmy M. Jones, Plaintiff,

v.

Commissioner of Social Security, Defendant.

13cv7379-RA-FM
|
Signed August 6, 2015

## REPORT AND RECOMMENDATION TO THE HONORABLE RONNIE ABRAMS

FRANK MAAS, United States Magistrate Judge

**\*1** *Pro se* plaintiff Jimmy M. Jones ("Jones") brings this action pursuant to Section 205(g) of the Social Security Act ("Act"), as amended, 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner ("Commissioner") of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Commissioner has moved to dismiss this action as untimely pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 14). That motion is unopposed. For that reason, as well as the reasons set forth below, I recommend that the Commissioner's motion be granted.

I. *Background*

On August 14, 2007, Jones filed applications for DIB and SSI, claiming that he was disabled as of June 13, 2007. (*See* ECF No. 2 ("Complaint" or "Compl.") at 12). After the Commissioner denied both applications initially on January 31, 2008, (Compl. Ex. A at 29–46), Jones requested a *de novo* hearing before an Administrative Law Judge ("ALJ") on April 18, 2008, (*id.* at 25–27), which was held before ALJ Robin Arzt on February 9, 2009, (*see id.* at 9). Thereafter, on February 12, 2009, ALJ Arzt issued a written decision in which she concluded that Jones was not disabled within the meaning of the Act. (*Id.* at 9–21).

On April 17, 2009, Jones appealed ALJ Arzt's decision to the Appeals Council. (Compl. at 53–54). This appeal

was not timely filed within the required sixty-day period, (*see* 20 C.F.R. §§ 404.968(a)(1), 416.1468(a)), because Jones had encountered difficulty retrieving the notice of the ALJ's adverse decision from the location where it was mailed, (Compl. at 51–52). Finding good cause for the delay, the Appeals Council reached the merits of Jones' appeal, and remanded the case for further administrative proceedings with respect to Jones' alleged mental impairments. (*Id.* at 4950).

On October 6, 2011, a new hearing was held before ALJ Gitel Reich. On December, 19, 2011, after considering Jones' alleged mental impairments, ALJ Reich issued a written decision which also concluded that Jones was not disabled within the meaning of the Act. (*Id.* at 40–47). On February 23, 2012, Jones again filed an untimely appeal of the ALJ's decision. (*Id.* at 32–33, 34–37). On August 24, 2012, the Appeals Council again found good cause for Jones' delay and remanded his case for further findings "regarding the extent to which [his] limitations erode[d] the occupational base for light work." (*Id.* at 32).

After yet another hearing, during which a vocational expert testified, ALJ Reich issued a written decision, dated March 13, 2013, finding that Jones was not disabled. (*Id.* at 12–21). This time, the Appeals Council denied Jones' request for review. (*Id.* at 4–6). Jones alleges that he received notice of the Appeals Council's decision on August 13, 2013. (*Id.* at 2).

On October 17, 2013, Jones commenced this action challenging the Commissioner's determination that he was not disabled within the meaning of the Act. (ECF No. 2). On October 22, 2013, Your Honor issued a Scheduling Order and referred this matter to me for a Report and Recommendation. (ECF No. 9). On June 30, 2014, the Commissioner filed and served a motion to dismiss Jones' complaint as untimely pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 14). Pursuant to the Scheduling Order, Jones' opposition papers were due by July 30, 2014. (ECF No. 9) ("Opposition to any motion shall be filed within thirty days from service of the motion."). On September 10, 2014, more than one month after his opposition was due, Jones requested more time to respond to the Commissioner's motion (referred to in his letter as the "opposition"). (ECF No. 16). In light of Jones' *pro se* status, I extended the deadline for Jones to file opposition papers to October 8, 2014. (ECF No. 17). In doing so, however, I noted that Jones had not "provide

[d an] explanation or excuse for his delay," and cautioned that no further extensions would be granted. (Id.). To date, the Court has not received any further paperwork from Jones. The Commissioner's motion consequently is unopposed. [1]

[1]   I should note that my Chambers received a call from a Legal Aid Society attorney on October 6, 2014. The attorney inquired whether the deadline for Jones to file papers could be extended since he was hospitalized. My law clerk responded that I would grant an extension of the October 8 deadline if counsel entered an appearance on Jones behalf. No such appearance took place.

II. *Discussion*

A. *Applicable Law*

### 1. *Standard of Review*

**\*2**  A Rule 12(b)(6) motion to dismiss for failure to state a claim "tests the legal sufficiency of [a] plaintiff's claim for relief." *Krasner v. HSH Nordbank AG,* 680 F.Supp.2d 502, 511 (S.D.N.Y.2010). In deciding the motion, the Court must accept as true all factual allegations made in a complaint and draw all reasonable inferences in favor of the plaintiff. *Allaire Corp. v. Okumus,* 433 F.3d 248, 249–50 (2d Cir.2006). "Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss." *Ghartey v. St. John's Queens Hosp.,* 869 F.2d 160, 162 (2d Cir.1989); *see Nghiem v. U.S. Dep't of Veterans Affairs,* 451 F.Supp.2d 599, 602 (S.D.N.Y.2006), *aff'd,* 323 F. App'x 16 (2d Cir. Mar. 31, 2009) (collecting cases).

### 2. *Statute of Limitations and Equitable Tolling*

Section 205(g) of the Act provides that an individual may obtain review of a final decision of the Commissoner "by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). Under the applicable regulation, a claimant is presumed to have received such notice within "[five] days after the date of such notice, unless there is a reasonable showing to the contrary."

20 C.F.R. § 422.210(c). Accordingly, absent an extension by the Appeals Council predicated "upon a showing of good cause," *id.,* a claimant has sixty-five days from the date of the Commissioner's final decision to commence a timely action for review of that decision. *See Matsibekker v. Heckler,* 738 F.2d 79, 80–81 (2d Cir.1984); *Smith v. Comm'r of Soc. Sec.,* No. 08–CV–1547 (NGG), 2010 WL 5441669, at *1 (E.D.N.Y. Dec. 23, 2010).

Notwithstanding this sixty-five day window, in certain "rare and exceptional circumstances," *Zerilli–Edelglass v. New York City Transit Auth.,* 333 F.3d 74, 80 (2d Cir.2003) (quoting *Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir.2000)) (alterations omitted), equitable tolling of the statute of limitations is appropriate upon a litigant's showing "that he has been pursuing his rights diligently" *and* "that some extraordinary circumstance" prevented him from timely filing his lawsuit. *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). Although equitable tolling may be appropriate when a claimant's medical condition or mental impairment prevents him from initiating suit in a timely manner, *Zerilli–Edelglass,* 333 F.3d at 80, the claimant must proffer a "particularized description of how h[is] condition adversely affected h[is] capacity to function generally or in relationship to the pursuit of h[is] rights." *Boos v. Runyon,* 201 F.3d 178, 185 (2d Cir.2000); *see Johnson v. Astrue,* No. 12–CV–2736 (SLT), 2014 WL 2624904, at *2 (E.D.N.Y. June 12, 2014) ("Illness and poor health do not typically rise to the standard of an extraordinary circumstance in the context of a social security claim.") (collecting cases).

### 3. *Application of Law to Facts*

Jones' Complaint is clearly untimely. On August 8, 2013, the Appeals Council denied Jones' request to review ALJ Reich's determination that he was not disabled. (Compl. at 2, 4–6). The Appeals Council advised Jones of his right to seek judicial review of the adverse decision in federal court and the appropriate time frame in which to do so. (*Id.* at 5). Specifically, the notice from the Appeals Council instructed:

You have 60 days to file a civil action (ask for court review).

**\*3**  The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the

date on it unless you show us that you did not receive it within the 5–day period.

If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

(*Id.* at 5).

Given the five-day grace period for mailed notices, the 65–day period during which Jones had to file his suit expired on October 13, 2013. [2] Jones, however, first commenced this action on October 17, 2013 – five days after the deadline. (ECF No. 2). Accordingly, absent evidence that Jones obtained an extension of time from the Appeals Council – and there is none – his lawsuit is untimely. Indeed, even if the Court were to assume that Jones first received notice of the Appeals Council's decision on August 15, 2013, as alleged in his Complaint, (*see* Compl. at 2), this lawsuit still would be untimely because it then would have had to have been filed by October 15, 2013 – two days before the actual filing date. [3]

[2]    Because October 13, 2013, was a Sunday, Jones had until the following day to file his complaint.

[3]    In that circumstance, of course, the five-day extension of time to allow for a claimant's receipt of the decision would be inapplicable. *See* 20 C.F.R. § 422.210(c).

Notwithstanding the short statute of limitations set forth in the Act, there are circumstances in which a claimant may be entitled to equitable tolling. *See Bowen v. City of New York,* 476 U.S. 467, 480–82 (1986). For this reason, I also have considered whether the doctrine is applicable here. *See Rodriquez v. Barnhart,* No. 01 Cv. 3411, 2002 WL 31875406, at *3 (S.D.N.Y. Dec. 24, 2002) ("[E]ven though [claimant] does not herself raise the equitable-tolling issue, we are obliged to consider it for her since it presents the strongest argument that her pleadings could be read to suggest."). Although it appears that Jones has multiple severe impairments, including HIV, depression, and anxiety, (Compl. at 14), there is no evidence to suggest that these impairments impacted his capacity to such a degree as to render him unable to comply with the Act's requirements. *See DeJesus v. Comm'r of Soc. Sec.,* No. 13–cv–7913 (HBP)(AJN), 2015 WL 3555787, at *1 (S.D.N.Y. June 8, 2015) (quoting *Kesoglides v. Comm'r*

*of Soc. Sec.,* No. 13–CV–4724 (PKC), 2015 WL 1439862, at *4 (E.D.N.Y. Mar. 27, 2015)) ("To toll the statute of limitations based on mental impairment, a petitioner must make more than a conclusory and vague claim, that includes a particularized description of how [his] condition adversely affected [his] capacity to function generally or in relationship to the pursuit of [his] rights.") (internal quotation marks omitted); *Johnson,* 2014 WL 2624904, at *2 (despite evidence of multiple medical conditions, "there is nothing in the record ... to suggest an extraordinary or peculiar circumstance that would have prevented [claimant] from filing by the [applicable] deadline."). Indeed, throughout the administrative process, Jones was continuously able to advocate effectively for himself, convincing the Appeals Council on two occasions to remand his case to the ALJ for further proceedings.

*4    In sum, Jones' complaint is untimely and should be dismissed. *See Johnson,* 2014 WL 2624904, at *2 (dismissing complaint filed eight days after deadline); *Johnson v. Comm'r of Soc. Sec.,* 519 F.Supp.2d 448, 449 (S.D.N.Y.2007) (dismissing complaint filed nine days after deadline); *Davila v. Barnhart,* 225 F.Supp.2d 337, 340 (S.D.N.Y.2002) (dismissing complaint filed one day after deadline); *see also Mohasco Corp. v. Silver,* 447 U.S. 807, 826 ("[I]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.").

III. *Conclusion*
For the foregoing reasons, the Commissioner's motion, (ECF No. 14), should be granted.

IV. *Notice of Procedure for Filing Objections to this Report and Recommendation*
The parties shall have fourteen (14) days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed.R.Civ.P. 6(a) and (d). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Ronnie Abrams and to my chambers at the United States Courthouse, 500 Pearl Street, New York, N.Y. 10007, and to any opposing parties. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be directed to

Judge Abrams. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(d), 72(b).

**All Citations**

Slip Copy, 2015 WL 10641784

---

**End of Document**

© 2017 Thomson Reuters. No claim to original U.S. Government Works.

2016 WL 1446223
Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.

Jimmy M. Jones, Plaintiff,
v.
Commissioner of Social Security, Defendant.

No. 13-CV-7379(RA)
|
Signed 04/11/2016

### ORDER

RONNIE ABRAMS, United States District Judge

**\*1** On October 17, 2013, Plaintiff Jimmy M. Jones, who is proceeding *pro se*, filed a complaint appealing the decision of the Commissioner of Social Security to deny her application for a period of disability insurance and supplemental security income benefits. The case was referred to Magistrate Judge Frank Maas for a report and recommendation. On August 6, 2015, Judge Maas issued a report and recommendation (the "Report") recommending that the Commissioner's motion to dismiss be granted. Neither party filed objections to the Report.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2). "When the parties make no objections to the Report, the Court may adopt the Report if 'there is no clear error on the face of the record.'" *Smith v. Corizon Health Services*, No. 14-CV-8839 (GBD), 2015 WL 6123563, at *1 (S.D.N.Y. Oct. 16, 2015) (quoting *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005)). "Furthermore, if as here ... the magistrate judge's report states that failure to object will preclude appellate review and no objection is made within the allotted time, then the failure to object generally operates as a waiver of the right to appellate review. As long as adequate notice is provided, the rule also applies to *pro se* parties." *Hamilton v. Mount Sinai Hosp.*, 331 F. App'x 874. 875 (2d Cir. 2009) (internal citations omitted).

As no objections to the Report were filed, the Court has reviewed Judge Maas's well-reasoned Report for clear error. After careful review of the record, the Court finds none and thus adopts the Report in its entirety. It is therefore ordered that the Commissioner's motion to dismiss is granted. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

**All Citations**

Slip Copy, 2016 WL 1446223

---

**End of Document**                     © 2017 Thomson Reuters. No claim to original U.S. Government Works.

2016 WL 303896
Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.

Shaquanna Roberts, Plaintiff,
v.
Commissioner of Social Security, Defendant.

15 Civ. 6216 (CM)(AJP)
|
Signed January 26, 2016

**Attorneys and Law Firms**

Shaquanna Roberts, Bronx, NY, pro se.

Jeffrey Stuart Oesericher, Joseph Anthony Pantoja, New York, NY, for Defendant.

### REPORT & RECOMMENDATION

ANDREW J. PECK, United States Magistrate Judge

**\*1** Pro Se plaintiff Roberts filed her complaint on August 6, 2015, seeking review of the Commissioner of Social Security's denial of benefits. (Dkt. No. 2: Compl.) The complaint alleges that Roberts has learning problems and schizoaffective bipolar disorder. (Compl. ¶ 4 & p. 7: Dr. Vando letter.) Attached to Roberts' complaint is the May 21, 2015 Appeals Council letter denying her claim. (Compl. at pp. 4–6: 5/21/15 Appeals Council letter.) The Appeals Council letter clearly stated that: "You have 60 days to file a civil action (ask for court review)." (Compl. at p. 5.) On the last page of her complaint, Roberts wrote that she "was told to count [business] days." (Compl. at p. 3.)

Presently before the Court is the Commissioner's Motion to Dismiss or in the Alternative for Summary Judgment. (Dkt. No. 13: Notice of Mot.) For the reasons stated below, Roberts' filing is untimely, and the Court should dismiss her case.

### ANALYSIS

The Social Security Act provides that:

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action *commenced within sixty days* after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added); *see also* 42 U.S.C. § 1383(c)(3). While this time-limit is not jurisdictional, it does constitute a period of limitations. *E.g., Bowen v. City of N.Y.,* 476 U.S. 467, 478, 106 S.Ct. 2022, 2029 (1986); *Liranzo v. Comm'r of Soc. Sec.,* 411 F. App'x 390, 391 (2d Cir.2011); *Velez v. Apfel,* No. 99–6314, 229 F.3d 1136 (table), 2000 WL 1506193 at \*2 (2d Cir. Oct. 6, 2000); *State of N.Y. v. Sullivan,* 906 F.2d 910, 917 (2d Cir.1990); *Bartow v. Comm'r of Soc. Sec.,* 04 Civ. 3200, 2004 WL 1057783 at \*1 (S.D.N.Y. May 12, 2004)(Peck, M.J.); *Schoon v. Massanari,* 01 Civ. 2656, 2001 WL 1641241 at \*2 (S.D.N.Y. Dec. 21, 2001). Dismissal of such actions brought after the sixty day period thus is appropriate. *See, e.g., Liranzo v. Comm'r of Soc. Sec.,* 411 F. App'x at 391–92; *Posilovich v. Apfel,* No. 99–6338, 225 F.3d 646 (table), 2000 WL 964764 at \*1 (2d Cir. July 12, 2000) ("The district court properly dismissed the plaintiff's complaint [against the Commissioner of Social Security] because it was not filed within the time period required by law."); *Kesoglides v. Comm'r of Soc. Sec.,* 13 Civ. 4724, 2015 WL 1439862 at \*1 (E.D.N.Y. Mar. 27, 2015); *Twumwaa v. Colvin,* 13 Civ. 5858, 2014 WL 1928381 at \*3 (S.D.N.Y. May 14, 2014)(citing cases); *Courtney v. Colvin,* 13 Civ. 2884, 2014 WL 129051 at \*2 (S.D.N.Y. Jan. 14, 2014); *Pressley v. Astrue,* 12 Civ. 8461, 2013 WL 3974094 at \*2–3, \*5 (S.D.N.Y. Aug. 2, 2013); *Davila v. Barnhart,* 225 F.Supp.2d 337, 338, 340 (S.D.N.Y.2002); *Schoon v. Massanari,* 2001 WL 1641241 at \*2; *Guinyard v. Apfel,* 99 Civ. 4242, 2000 WL 297165 at \*2 (S.D.N.Y. Mar. 22, 2000) ("[C]ourts have not hesitated to enforce the 60–day period as a firm limit.").

**\*2** In response to the Commissioner's motion, Roberts stated that:

I needed time to get a new doctor and I read paper wrong[.] I ask[ed] someone to help an[d] they told me to [count] business days.

(Dkt. No. 19: Roberts letter at 1.) It appears from her submission that the person who told her to count business days was her sister. (*Id.* at 2: "my sis read the paper.") Roberts also attached an updated letter from clinician Miguel Aviles of Dr. Vando's office, stating that "Due to Ms. Roberts' mental instability and difficulty comprehending she was unable to meet the deadline to request an extension for the court review." (Dkt. No 19 at p. 3: Aviles 12/10/15 letter.)

"If a claimant alleges that incapacity due to mental impairment during the 60–day limitations period impeded her ability to seek judicial review in a timely manner, the district court should afford the claimant the opportunity to present evidence buttressing this claim." *Guinyard v. Apfel,* 2000 WL 297165 at *4 (citing *Canales v. Sullivan,* 936 F.3d 755, 759 (2d Cir.1991)). "However, a 'conclusory and vague claim, without a particularized description ... is manifestly insufficient to justify any further inquiry into tolling.' " *Guinyard v. Apfel,* 2000 WL 297165 at *4 (quoting *Boos v. Runyon,* 201 F.3d 178, 185 (2d Cir.2000)).

The excuses Roberts offered for filing late – that she thought the 60 day deadline meant business days and that she has mental problems (*see* above) – do not constitute one of the "rare cases" that warrant equitable tolling. *See, e.g., DeJesus v. Comm'r of Soc. Sec.,* 13 Civ. 7913, 2015 WL 3555787 at *4 (S.D.N.Y. June 8, 2015) ("Plaintiff alleges in her complaint that she suffers from an abscess in her brain and depression. Plaintiff has attached a number of medical records to her complaint, and although one of the records mentions anxiety, none refer to a brain abscess or depression. These vague references in the complaint are simply insufficient to establish that plaintiff suffered from any condition that was so disabling that it could form the basis for an equitable toll."); *Chalasani v. Fran,* 13 Civ. 06535, 2015 WL 2129773 at *8 (S.D.N.Y. Feb. 13, 2015) ("Although Chalsani claims she was unable to read or understand court documents, she was nonetheless able to file an EEOC complaint and three federal court complaints, move for reconsideration and appeal that denial to the Court of Appeals, and send multiple letters to this Court, including objections to my previous Report and Recommendation to dismiss her claims. While such

activity does not rise to the level of 'reasonable diligence,' it is too much to suggest that she was completely unable to act on her own behalf."), *R. & R. adopted,* 2015 WL 2137707 (S.D.N.Y. May 6, 2015); *Guinyard v. Apfel,* 2000 WL 297165 at *2; *Sykes v. Apfel,* 97 Civ. 7696, 1998 WL 338104 at *4 (S.D.N.Y. June 24, 1998) ("According this pro se plaintiff's complaint the close and careful reading to which it is entitled, the plaintiff has failed to identify any circumstance that would justify equitable tolling of the statute of limitations in this case. Therefore the complaint must be dismissed because it is time barred under the 60–day statute of limitations in Section 405(g)."). Roberts was able to timely seek a hearing before the ALJ, and to timely file a request for Appeals Counsel review. (*See* Dkt. No. 14: Nicoll Aff. ¶ 3(a)-(b) & exs. 1–4.) *See, e.g., Borrero v. Colvin,* No. 14 Civ. 5304, 2015 WL 1262276 at *6 (S.D.N.Y. Mar. 19, 2015) (claimant's "compliance with the statute of limitations at earlier stages of the appeals process–namely his request to the Appeals Council–' indicates that he was accustomed to operating under time constraints and capable of doing so, even when acting *pro se*.' "), *appeal dismissed,* No. 15–1096 (May 22, 2015). The vague assertion in the letter from Roberts' doctor that Roberts' manic mood "leads to distraction and poor judgments" (Aviles 12/10/15 letter), is insufficient to establish that Roberts' condition was so disabling as to warrant an equitable toll. As the Court stated in *Twumwaa v. Colvin:*

> **\*3** The Second Circuit has made clear that illness cannot serve as a basis to toll the statue of limitations, observing that to "[a]llow disability claimants who have been denied benefits to toll the sixty-day period on grounds of poor health would thoroughly undermine [the Social Security Act's] sixty-day limitation period." *Wong v. Bowen,* 854 F.2d 630, 631 (2d Cir.1988). *See also Courtney,* 2014 WL 129051 at *2 (illness insufficient basis for equitable tolling); *Bender v. Astrue,* No. 09 Civ. 5738(KAM), 2010 WL 3394264, at *4 (E.D.N.Y. Aug. 23, 2010) (alleged medical ailments did not constitute extraordinary circumstances justifying equitable tolling). The record before the Court does not support equitable tolling on this basis.

*Twumwaa v. Colvin,* 2014 WL 1928381 at *4. Rather, it appears the real reason Roberts missed the deadline was her sister telling her that she had sixty *business* days to file. (*See* page 3 above.) There is no basis for equitable tolling.

### *CONCLUSION*

For the reasons set forth above, Roberts' claim should be dismissed as time barred. (This does not preclude Roberts from filing a new claim for SSI or DIB benefits for the period after the ALJ's decision.)

### *FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION*

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Colleen McMahon, 500 Pearl Street, Room 1640, and to my chambers, 500 Pearl

Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge McMahon (with a courtesy copy to my chambers). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466 (1985); *Ingram v. Herrick,* 475 F. App'x 793, 793 (2d Cir.2012); *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993), *cert. denied,* 513 U.S. 822, 115 S.Ct. 86 (1994); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert. denied,* 506 U.S. 1038, 113 S.Ct. 825 (1992); *Small v. Sec'y of Health & Human Servs.,* 892 F.2d 15, 16 (2d Cir.1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237–38 (2d Cir.1983).

SO ORDERED.

**All Citations**

Slip Copy, 2016 WL 303896

---

**End of Document**                    © 2017 Thomson Reuters. No claim to original U.S. Government Works.

2015 WL 3555787
Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.

Michelle DeJESUS, Plaintiff,
v.
COMMISSIONER OF SOCIAL
SECURITY, Defendant.

No. 13–cv–7913 (AJN).
|
Signed June 8, 2015.

ORDER

ALISON J. NATHAN, District Judge.

**\*1** Before the Court is Judge Pitman's report and recommendation ("R & R") recommending that the Court grant the Commissioner of Social Security's (the "Commissioner") motion to dismiss or, in the alternative, for summary judgment, dismissing the case as untimely. *See* Dkt. No. 13. When a magistrate judge issues findings or recommendations, the district court "may accept, reject, or modify [them] in whole or in part." 28 U.S.C. § 636(b)(1). Plaintiff was required to submit any objections to Judge Pitman's R & R by June 1, 2015. *See* Dkt. No. 18. As of June 8, 2015, Plaintiff has failed to file any objection to the R & R. When no party has filed objections to the magistrate's R & R, the Court reviews it only for clear error. *See Gomez v. Brown,* 655 F.Supp.2d 332, 341 (S.D.N.Y.2009). "A decision is 'clearly erroneous' when the reviewing Court is left with the definite and firm conviction that a mistake has been committed." *Courtney v. Colvin,* 13–cv–02884 (AJN), 2014 WL 129051, at \*1 (S.D.N.Y. Jan. 14, 2014).

Having reviewed Judge Pitman's well-reasoned R & R, and finding no clear error therein, the Court adopts the R & R in its entirety. The Commissioner's motion to dismiss or, in the alternative, for summary judgment is hereby GRANTED. This resolves Dkt. No. 13 and the Clerk of Court is instructed to terminate the case.

SO ORDERED.

*REPORT AND RECOMMENDATION*

PITMAN, United States Magistrate Judge.

TO THE HONORABLE ALISON J. NATHAN, United States District Judge,

I. *Introduction*
By notice of motion dated May 7, 2014 (Docket Item 13), defendant moves to dismiss or, in the alternative, for summary judgment dismissing, plaintiff's complaint on the ground that it is untimely. For the reasons set forth below, I respectfully recommend that defendant's motion for summary judgment be granted and that the complaint be dismissed as untimely.

II. *Facts*
Plaintiff commenced this action seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"); the action is brought pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (the "Act").

Plaintiff submitted her applications for DIB and SSI on October 26, 2010 (Exhibit 1 to the Declaration of Patrick J. Herbst, dated Nov. 22, 2013 (Docket Item 15) ("Herbst Decl.") at 8 [1]. Both claims were initially denied on February 17, 2011 (Herbst Decl. Ex. 1 at 8). Plaintiff subsequently requested a hearing, and an Administrative Law Judge ("ALJ") conducted a hearing on November 22, 2011 (Herbst Decl. Ex. 1 at 8). Although plaintiff had counsel, plaintiff elected to proceed *pro se* at the hearing and stated that her attorneys "didn't do anything" for her (Herbst Decl. Ex. 1 at8). The ALJ concluded that plaintiff suffered from coronary artery disease, diabetes mellitus, asthma and high blood pressure and that these conditions constituted "severe impairments" (Herbst Decl. Ex. 1 at 10). Nevertheless, he concluded that plaintiff had the residual functional capacity to perform sedentary work provided she avoided concentrated exposure to respiratory irritants and that she was also capable of performing her past work as a receptionist (Herbst Decl. Ex. 1 at 11, 13). The ALJ's decision was mailed to plaintiff on February 2, 2012 (Herbst Decl. ¶ 3(a)).

[1]
  Because the exhibits attached to the Herbst Declaration are inconsistently paginated, my citations to page numbers refer to the page numbers assigned by the Court's ECF system that appear on the upper right corner of each page.

**\*2** Plaintiff timely requested review of the ALJ's decision, and on August 20, 2013, the Appeals Council advised plaintiff that it had denied her request for review (Herbst Decl. ¶ 3(a) & Ex. 2 thereto). The Appeals Council's notice advised plaintiff that she had the right to seek judicial review of the adverse decision by filing a complaint in federal court. The notice went on to state:

**Time to File a Civil Action**

• You have 60 days to file a civil action (ask for court review).

• The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5–day period.

• If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

(Herbst Decl. Ex. 2 at 18). The 65th day after August 20, 2013 was October 24, 2013.

Plaintiff submitted her complaint to the Court's Pro Se Office on November 6, 2013 (Docket Item 2). There is no evidence in the record that plaintiff ever sought an extension of time to file her action from the Appeals Council (*see* Herbst Decl. ¶ 3(b)).

On April 8, 2014, I set a briefing schedule, directing defendant to make its dispositive motion by May 7, 2014 and directing plaintiff to respond and or cross-move no later than June 6, 2014 (Docket Item 12). Although defendant timely filed the present motion, there was no response of any kind from plaintiff. Accordingly, on October 14, 2014, I issued an Order *mea sponte* giving plaintiff until November 7, 2014 to submit any opposition she might have (Docket Item 17).[2] My staff mailed a copy of this Order to plaintiff; it has not been returned as undeliverable. Plaintiff has not submitted any opposition

to the Commissioner's motion nor has she contacted my chambers in any way. The closest plaintiff has come to explaining her failure to file her complaint in a timely manner is the brief statement in her complaint that she did not receive the Appeals Council's decision until October 30, 2013 "due to state freeze" (Docket Item 2 at 2).

[2]
  My October 7 Order provided:
    By notice of motion dated May 7, 2014 (Docket Item 13), the Commissioner of Social Security has submitted a motion to dismiss. A briefing schedule endorsed on April 8, 2014 (Docket Item 12) required plaintiff to file any opposition to the Commissioner's motion by June 6, 2014. To date, plaintiff has not served or filed any opposition to the motion, nor has she requested an extension of time within which to serve opposition papers. Although I shall consider the merits of the Commissioner's motion and shall not grant the motion on default, plaintiff's failure to submit any opposition to the motion ... makes it substantially more likely that the motion will be granted. Thus, plaintiff's failure to oppose the motion increases the likelihood that her complaint will be dismissed, and that the Social Security Administration's decision denying her benefits will be affirmed.
    Accordingly, if plaintiff wishes to submit any opposition to the Commissioner's pending motion, she is directed to submit such papers no later than November 14, 2014. In the absence of a request for an extension of time, I shall consider the motion fully submitted as of that date and ready for decision

III. *Analysis*

Section 205(g) of the Act provides, in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow....

42 U.S.C. § 405(g). The Commissioner's regulations provide an identical time limit for seeking judicial review:

Time for instituting civil action. Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

**\*3** 20 C.F.R. § 422.210(c). The procedure set forth in Section 205 is the exclusive vehicle for seeking review of an adverse decision by the Commissioner of Social Security. 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."); *Wong v. Bowen,* 854 F.2d 630, 631 (2d Cir.1988) (*per curiam* ).

Plaintiff's complaint here is clearly untimely, and dismissal is warranted unless some exception to the general rule is applicable. *See Liranzo v. Comm'r of Soc. Sec.,* 411 Fed.Appx. 390, 391–92 (2d Cir.2011) (summary order) (affirming dismissal of action brought under Section 205 of the Act as untimely); *Louis v. Comm'r of Soc. Sec.,* 349 Fed.Appx. 576, 578 (2d Cir.2009) (summary order) (same); *Velez v. Apfel,* 229 F.3d 1136 (Table), 2000 WL 1506193 at \*1–\*2 (Text) (2d Cir.2000) (summary order) (same); *Blaize v. Comm'r of Soc. Sec.,* 166 F.3d 1199 (Table), 1998 WL 777050 at \*1 (Text) (2d Cir.1998) (summary order) (same).

If plaintiff were able to rebut the presumption that she received notice of the Appeals Council's decision within five days of its mailing, her action might be timely. However, the presumption is not rebutted by a conclusory statement of nonreceipt.

"[A] plaintiff must do more than merely assert that [s]he did not receive the notice within five days"; rather, [s]he must make a reasonable showing by "present[ing] some affirmative evidence indicating that the actual receipt occurred more than five days after issuance." *Liranzo v. Astrue,* 07 CV 5074, 2010 WL 626791, at \*2 (E.D.N.Y. Feb. 23, 2010) (quoting *Guinyard v. Apfel,* 99 CV 4242, 2000 WL 297165, at \*4 (S.D.N.Y. Mar.22, 2000 ), aff'd, 411 Fed.Appx. 390, 391–92 (2d Cir.2011) ]; *see also Velez v. Apfel,* 229 F.3d 1136 (2d Cir.2000) (presumption not rebutted where plaintiff made no "reasonable showing to the contrary" beyond her conclusory allegation that she never received the notice).

*Kesoglides v. Comm'r of Soc. Sec.,* 13–CV–4724 (PKC), 2015 WL 1439862 at \*3 (E.D.N.Y. Mar. 27, 2015). Plaintiff offers no details in support of her contention that she did not receive notice of the Appeals Council's decision until approximately 70 days after it was mailed except her cryptic reference to a "state freeze." If plaintiff is attempting to refer to the partial shutdown of the federal government that occurred in October 2013, her contention is unpersuasive. The partial shutdown did not commence until October 1, 2013–42 days after the mailing of the Appeals Council's decision. Until October 1, the government operated normally. Second, I take judicial notice of the fact that even after the partial shutdown went into effect, the United States Postal Service was unaffected and continued to operate normally (Brad Plumer, "Absolutely Everything You Need to Know About How the Government Shutdown Will Work,"

*Wonkblog, The Washington Post* (Sept. 30, 2013), http://www.washingtonpost.com/ blogs/wonkblog/ wp/2013/ 09/30/absolutely everything-you-need- to-knowabout-how-the -government-shutdown -will-work/). Thus, the timing and scope of the partial government shutdown would not have delayed the delivery of the Appeals Council's notice.

**\*4** I have also considered whether an equitable toll might enable plaintiff to avoid dismissal. A physical or mental illness may give rise to an equitable toll. *Canales v. Sullivan,* 936 F.2d 755, 758–59 (2d Cir.1991);

SSR 91–5p, 56 FR 29971–01, 1991 WL 295453 (July 1, 1991). Plaintiff, however, again fails to offer any facts that might give rise to an equitable toll.

WESTLAW   © 2017 Thomson Reuters. No claim to original U.S. Government Works.

To toll the statute of limitations based on mental impairment, a petitioner must make more than a "conclusory and vague claim," that includes "a particularized description of how [her] condition adversely affected [her] capacity to function generally or in relationship to the pursuit of [her] rights[.]" *Boos,* 201 F.3d at 185; see *Twumwaa,* 2014 WL 1928381, at *4 (claims that plaintiff was "stressed" and "in pain" were insufficient to invoke tolling); *Courtney v. Colvin,* 13 CV 02884, 2014 WL 129051, at *2 (S.D.N.Y. Jan.14, 2014) (alleged illness did not justify equitable tolling without a connection to plaintiff's ability to meet deadline); *Goff v. Apfel,* 99 CV 8062, 2004 WL 1243148, at *3–5 (E.D.N.Y. Mar.30, 2004) (tolling not warranted where plaintiff did not show a "causal connection between any mental impairment and the lateness of [plaintiff's] complaint").

*Kesoglides v. Comm'r of Soc. Sec., supra,* 2015 WL 1439862 at *4.

Plaintiff alleges in her complaint that she suffers from an abscess in her brain and depression. Plaintiff has attached a number of medical records to her complaint, and although one of the records mentions anxiety, none refer to a brain abscess or depression. These vague references in the complaint are simply insufficient to establish that plaintiff suffered from any condition that was so disabling that it could form the basis for an equitable toll.

There can be no question that DIB and SSI benefits are very important sources of income to many members of our society, and, that dismissal of claim seeking these benefits on the ground that it is time-barred may appear to involve an element of inclemency. However, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver,* 447 U.S. 807, 826, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980); *accord McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147,

152, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (*per curiam* ) ("Procedural requirements ... are not to be disregarded by courts out of a vague sympathy for particular litigants.").

IV. *Conclusion*

Accordingly, for all the foregoing reasons, I respectfully recommend that summary judgment be granted dismissing plaintiff's complaint on the ground that it is time-barred.

V. *Objections*

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections. *See also* Fed.R.Civ.P. 6(a). Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Alison J. Nathan, United States District Judge, 40 Centre Street, Room 2102, New York, New York 10007, and to the Chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Nathan. FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS *WILL* RESULT IN A WAIVER OF OBJECTIONS AND *WILL* PRECLUDE APPELLATE REVIEW. *Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Male Juvenile,* 121 F.3d 34, 38 (2d Cir.1997); *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.1992); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237–38 (2d Cir.1983) (*per curiam* ).

**\*5** Dated: May 15, 2015.

**All Citations**

Not Reported in F.Supp.3d, 2015 WL 3555787

---

© 2017 Thomson Reuters. No claim to original U.S. Government Works.

2012 WL 6184033
Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.

Roy TAYLOR, Plaintiff,

v.

FRESH DIRECT, et al., Defendants.

No. 12 Civ.2084(GBD)(AJP).
|
Dec. 12, 2012.

### SUPPLEMENTAL REPORT AND RECOMMENDATION

ANDREW J. PECK, United States Magistrate Judge.

**\*1 To the Honorable George B. Daniels, United States District Judge:**

By Report & Recommendation dated December 5, 2012, I recommended dismissal of pro se plaintiff Roy Taylor's amended complaint as time barred pursuant to 42 U.S.C. § 2000e–5(f)(1). *Taylor v. Fresh Direct,* 12 Civ.2084, 2012 WL 6053712 (S.D.N.Y. Dec. 5, 2012) (Peck, M.J.). The Pro Se Office received Taylor's opposition papers, which were due by November 30, 2012, on December 5, 2012, and docketed the submission on December 6, 2012. (*See* Dkt. No. 25: Notice in Opp. to Motion.) Because Taylor is in prison and his opposition papers are dated November 29, 2012, this Court has considered his belatedly received submission. *See, e.g., Taylor v.. Fresh Direct,* 2012 WL 6053712 at \*1 n. 2 ( & cases cited therein).

For the reasons set forth below and in my December 5, 2012 Report & Recommendation, defendants' motion to dismiss Taylor's amended complaint should be *GRANTED.*

### ANALYSIS

The primary argument advanced in Taylor's opposition papers is that the limitations period should be equitably tolled because Taylor is incarcerated and spent twenty days in punitive segregation. (Dkt. No. 25: Taylor Opp. Br. at 1, 3, 6, 8.) This argument was addressed

and disposed of in my December 5, 2012 Report & Recommendation. *Taylor v. Fresh Direct,* 12 Civ.2084, 2012 WL 6053712 at \*5–6 (S.D.N.Y. Dec. 5, 2012) (Peck, M.J.) ("[E]quitable tolling is not warranted merely because a plaintiff is in prison. Nor is Taylor's alleged confinement to 'punitive seg' a basis for equitable tolling." (citations & fn. omitted)).

The only relevant new contention in Taylor's submission is an isolated assertion that he was "diagnosed with 'depression' " when he began serving his prison term. (Taylor Opp. Br. at 6.) In support of this claim, he attaches a Correction Department Mental Health form indicating that Taylor "reports being a little depressed." (Taylor Opp. Br. Ex. B: 9/11/11 Referral of Inmates to Mental Health Servs. at 2, emphasis omitted.)

A medical condition or mental impairment may warrant equitable tolling of the statute of limitations where the impairment prevented the plaintiff from proceeding in a timely fashion. *See, e.g., Baroor v. N.Y.C. Dep't of Educ.,* 362 F. App'x 157, 160 (2d Cir.2010).[1] "However, a 'conclusory and vague claim [of a mental impairment], without a particularized description ... is manifestly insufficient to justify any further inquiry into tolling.' " *Guinyard v. Apfel,* 99 Civ. 4242, 2000 WL 297165 at \*4 (S.D.N.Y. Mar. 22, 2000) (quoting *Boos v. Runyon,* 201 F.3d 178, 185 (2d Cir.2000)).[2]

[1]
*Accord, e.g., Bolarinwa v. Williams,* 593 F.3d 226, 232 (2d Cir.2010); *Zerilli–Edelglass v. N.Y.C. Transit Auth.,* 333 F.3d 74, 80 (2d Cir.2003) ("Equitable tolling is generally considered appropriate ... where a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion."); *Brown v. Parkchester S. Condos.,* 287 F.3d 58, 60 (2d Cir.2002) (Sotomayor, C.J.) ("[E]quitable tolling may be appropriate where the plaintiff's failure to comply with the statute of limitations is attributable to the plaintiff's medical condition."); *Jones v. N.Y. Dep't of Corr. (DOC) Jail,* 11 Civ. 4477, 2011 WL 5865143 at \*3 (S.D.N.Y. Nov. 22, 2011) (Peck, M.J.), *report & rec. adopted,* 2012 WL 1232963 (S.D.N.Y. Apr. 12, 2012); *Joe v. Moe,* 10 Civ. 4417, 2011 WL 2416882 at \*4 (S.D.N.Y. June 1, 2011); *Apionishev v. Columbia Univ.,* 09 Civ. 6471, 2011 WL 1197637 at \*4 (S.D.N.Y. Mar. 25, 2011); *Rhodes v. Senkowski,* 82 F.Supp.2d 160, 168 (S.D.N.Y.2000) (Buchwald, D.J. & Peck, M.J.).

2

*Accord, e.g., Bolarinwa v. Williams,* 593 F.3d at 232 ("The burden of demonstrating the appropriateness of equitable tolling for mental illness lies with the plaintiff ... [who] must offer a 'particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights.' Therefore, in order to justify tolling of the ... statute of limitations due to mental illness, [plaintiff] must demonstrate that her particular disability constituted an 'extraordinary circumstance' severely impairing her ability to comply with the filing deadline, despite her diligent efforts to do so." (citation omitted)); *Apionishev v. Columbia Univ.,* 2011 WL 1197637 at *4 ("[T]he burden of demonstrating the appropriateness of equitable tolling lies with the plaintiff. Specifically, a plaintiff must establish through his pleadings how the particular disability 'severely impair[ed][his] ability to comply with the filing deadline, despite [his] diligent effort to do so.' " (fn.omitted)); *Florio v. Cuomo,* 10 Civ. 0998, 2010 WL 5222123 at *11 (S.D.N.Y. Nov. 16, 2010) (Plaintiff "must demonstrate that his mental illness prevented him from complying with the filing deadline ."), *report & rec. adopted,* 2011 WL 223217 (S.D.N.Y. Jan. 24, 2011); *Victorial v. Burge,* 477 F.Supp.2d 652, 654 (S.D.N.Y.2007); *Lloyd v. Bear Stearns & Co.,* 99 Civ. 3323, 2004 WL 2848536 at *10 (S.D.N.Y. Dec. 9, 2004) (Daniels, D.J.); *Bartow v. Commissioner,* 04 Civ. 3200, 2004 WL 1057783 at *1 n. 2 (S.D.N.Y. May 12, 2004) (Peck, M.J.); *Rhodes v. Senkowski,* 82 F.Supp.2d at 169–70 (Plaintiff "must show that these medical problems rendered him unable to pursue his legal rights during the relevant time period."); *see also Serrano v. USA United Transit Bus Inc.,* No. 09–CV–2710, 2009 WL 3698395 at *7 (E.D.N.Y. Nov. 3, 2009) ("[P]laintiffs do not sufficiently allege circumstances that would justify equitable tolling based on mental illness. Though plaintiffs assert that [individual plaintiff] was 'medically and legally impaired,' that contention is a legal conclusion rather than a factual allegation, and is thus not subject to the principle that the Court must accept the plaintiffs' factual allegations as true at the motion-to-dismiss stage."), *aff'd,* 402 F. App'x 574 (2d Cir.2010).

Taylor's bald assertion of depression, therefore, will not suffice to toll Title VII's statutory limitations period. *See, e.g., Boos v. Runyon,* 201 F.3d at 185 (Plaintiff "offers no more than a statement that she suffers from 'paranoia, panic attacks, and depression.' ... [Plaintiff's] conclusory and vague claim ... is manifestly insufficient to justify any further inquiry into tolling."); *Mateo v. Riverbay Corp.,*

168 F.Supp.2d 118, 121 (S.D.N.Y.2001) (Daniels, D.J.) ("[E]quitable tolling is unwarranted. Plaintiff has failed to show that her alleged depression was of such a nature as to render her incapable of complying with the timing requirements."). 3

3

*Accord, e.g., Green v. Sheehan,* No. 12–CV–0665, 2012 WL 3561978 at *2 (W.D.N.Y. Aug. 13, 2012) ("The existence of mental illness, alone, does not justify tolling a filing deadline."); *Apionishev v. Columbia Univ.,* 2011 WL 1197637 at *6 ("[D]epression or illness alone are not sufficient to justify equitable tolling, and [plaintiff] does not explain how these factors precluded the timely filing of his claims." (fn.omitted)); *Chmiel v. Potter,* No. 09–CV–555, 2010 WL 5904384 at *10 (W.D.N.Y. Dec. 7, 2010), *report & rec. adopted,* 2011 WL 810159 (W.D.N.Y. Mar. 2, 2011); *Webster v. Potter,* 746 F.Supp.2d 635, 641 (S.D.N.Y.2010) (pro se plaintiff's claim "that he has a 'history of depression dating back to the mid 1990's' " is insufficient to toll Title VII limitations period); *Springs v. Bd. of Educ.,* 10 Civ. 01243, 2010 WL 4068712 at *3 (S.D.N.Y. Oct. 14, 2010) ("[T]he Second Circuit has found allegations of depression and anxiety, without particularized showings of how those conditions prevented a pursuit of legal rights, too vague to support a finding of extraordinary circumstances that would warrant equitable tolling."); *Serrano v. USA United Transit Bus Inc.,* 2009 WL 3698395 at *7 ("Plaintiffs' assertion that [individual plaintiff] suffered from post-traumatic stress disorder and depression does not provide a sufficient basis for equitable tolling, because plaintiffs simply do not explain how the illness stood in the way of [individual plaintiff's] ability to comply with the limitations period."); *Hakim v. Hall,* 09 Civ. 860, 09 Civ. 861, 2009 WL 5910310 at *4 (S.D.N.Y. Oct. 23, 2009) (medical reports stating "that Plaintiff DD has 'Major Depressive Disorder' and 'Posttraumatic Stress Disorder' ... in no way indicate that Plaintiff DD was so mentally incapacitated that she was unable to appreciate or pursue her legal rights"; equitable tolling of Title VII limitations period was inappropriate), *report & rec. adopted,* 2010 WL 695027 (S.D.N.Y. Feb. 19, 2010); *Gannon v. Continuum Health Partners, Inc.,* 06 Civ. 5133, 2007 WL 2040579 at *5 (S.D.N.Y. July 12, 2007); *Lloyd v. Bear Stearns & Co.,* 2004 WL 2848536 at *11; *Bartow v. Commissioner,* 2004 WL 1057783 at *1 n. 2 ("The sole excuse [plaintiff] offered for filing late-that she was 'depressed'-thus does not constitute one of the 'rare cases' that warrant

equitable tolling." (citation omitted)); *Rhodes v. Senkowski,* 82 F.Supp.2d at 173 ("[P]etitioner must allege more than the mere existence of physical or mental ailments to justify equitable tolling.").

**\*2** Moreover, Taylor has submitted numerous documents evidencing that he indeed was able to pursue his rights during the period he seeks to toll. (Dkt. No. 11: Am. Compl. Exs.: 9/5/11 Letter to ALJ, 10/27/ 11 Letter to Attorney Rosner, 1 / 18/ 12 Letter to Attorney Porretto, 2/4/ 12 Letter to Attorney Marshall; Taylor Opp. Br. Ex. E: 3/12/12 Letter to ALJ Badner.) These documents belie any claim that Taylor was prevented from pursuing his rights due to depression. *See, e.g., Chen v. Mukasey,* 278 F. App'x 7, 8 (2d Cir.2008); *Turner v. Fed. Aviation Admin.,* 169 F. App'x 641, 642 (2d Cir.2006), *cert. denied,* 549 U.S. 1229, 127 S.Ct. 1301 (2007). [4]

[4]     *Accord, e.g., Hills v. Praxair, Inc.,* No. 11–CV–678, 2012 WL 1935207 at *12 (W.D.N.Y. May 29, 2012) (pursuit of workers' compensation claim "serves to undermine Plaintiff's claim that he was unable to protect his claims ..., because he has conceded to still having the ability to pursue other legal remedies"); *Apionishev v. Columbia Univ.,* 2011 WL 1197637 at *6; *Mulkern v.. N.Y. State Police,* 08 Civ. 8870, 2010 WL 5584598 at *2 (S.D.N.Y. Dec. 8, 2010) (" '[C]ourts have repeatedly refused to apply equitable tolling where a plaintiff has evidenced an ability to pursue his or her legal rights during the relevant period.' "), *report & rec. adopted,* 2011 WL 135001 (S.D.N.Y. Jan. 13, 2011); *Serrano v. USA United Transit Bus Inc.,* 2009 WL 3698395 at *8 ("These actions belie plaintiffs' claim that [plaintiff] was prevented by illness from filing a timely complaint in federal court ."); *Hakim v. Hall,* 2009 WL 5910310 at *4 ("[T]he Court notes that Plaintiff DD pursued a workers' compensation claim, a corresponding state court claim, and a claim with the Equal Employment Opportunity Commission during the time she seeks to have equitably tolled."); *Stella v. Potter,* No. 02– CV–4940, 2009 WL 792177 at *8 (E.D.N.Y. Mar. 23, 2009) ("Courts have found that plaintiffs' actions to pursue their legal rights during the period in which they claim incapacitation undermine claims that tolling is warranted."); *Victorial v. Burge,* 477 F.Supp.2d at 655.

## CONCLUSION

For the reasons set forth above and in my December 5, 2012 Report & Recommendation, defendants' motion to dismiss Taylor's amended complaint as time barred (Dkt. No. 20: Notice of Motion), should be *GRANTED.*

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed.R.Civ.P. 6. [5] Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels, 500 Pearl Street, Room 1310, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Daniels (with a courtesy copy to my chambers). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466 (1985); *Ingram v. Herrick,* 475 F. App'x 793, 793 (2d Cir.2012); *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993), *cert. denied,* 513 U.S. 822, 115 S.Ct. 86 (1994); *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert. denied,* 506 U.S. 1038, 113 S.Ct. 825 (1992); *Small v. Sec'y of Health & Human Servs.,* 892 F.2d 15, 16 (2d Cir.1989); *Wesolek v.. Canadair Ltd.,* 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237–38 (2d Cir.1983).

[5]     If the pro se plaintiff requires copies of any of the cases reported only in Westlaw, plaintiff should request copies from the defendants' counsel. *See Lebron v. Sanders,* 557 F.3d 76, 79 (2d Cir.2009); SDNY– EDNY Local Civil Rule 7.2.

**All Citations**

Not Reported in F.Supp.2d, 2012 WL 6184033

**Taylor v. Fresh Direct, Not Reported in F.Supp.2d (2013)**
Case 7:15-cv-02038-JCM   Document 23   Filed 02/21/17   Page 47 of 59

118 Fair Empl.Prac.Cas. (BNA) 489

2013 WL 1897778
Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.

Roy TAYLOR, Plaintiff,

v.

FRESH DIRECT, et al., Defendants.

No. 12 Civ.2084(GBD)(AJP).
|
May 7, 2013.

*MEMORANDUM DECISION AND ORDER*

GEORGE B. DANIELS, District Judge.

**\*1**  *Pro se* Plaintiff Roy Taylor brings this action pursuant to Title VII of the Civil Rights Act of 1964 against his former employee, Fresh Direct, and various Fresh Direct employees. Plaintiff, whom Fresh Direct hired as a "helper" on a grocery delivery team, alleges that he was treated less favorably than other employees and ultimately terminated on account of his race. Defendants moved to dismiss the complaint on the merits and as time barred pursuant to 42 U.S.C. § 2000e–5(f)(1). This Court referred the case to Magistrate Judge Andrew J. Peck for his Report and Recommendation. Magistrate Judge Peck issued two Reports and Recommendations in which he recommended dismissal of Plaintiff's complaint because Plaintiff failed to timely file it within the 90–day statute of limitations. This Court adopts Magistrate Judge Peck's Reports and Recommendation. Defendants' motion to dismiss is GRANTED.

Plaintiff was fired from his job on or about March 9, 2011. Am. Compl., ECF No, 11, at 20. In April 2011, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging that the Defendants racially discriminated against him. *Id.* at 3. Plaintiff provided the EEOC with his Bronx apartment address. *Id.* at 12. Plaintiff was then incarcerated at Rikers Island on August 24, 2011. Plaintiff mentions no effort to notify the EEOC of his changed address. The EEOC mailed a right to sue letter to Plaintiff's Bronx apartment on September 30, 2011, triggering Title VII's 90–day statute of limitations period. Am. Compl., 9. Taylor's girlfriend collected Plaintiff's mail from his

Bronx apartment and forwarded it to Plaintiff sometime in October, 2011. *Id.* at 21.

Plaintiff commenced this action on March 8, 2012. Compl. 9. On April 3, 2012, Chief Judge Loretta A. Preska, *sua sponte,* ordered Plaintiff to amend his complaint within 60 days because Plaintiff did not "indicate his race" and did not "allege that he completed the EEOC process, obtained a right to sue letter and timely filed this complaint." Order to Amend, ECF No. 4, at 2. In the course of drafting his amended complaint, Plaintiff wrote to the EEOC to obtain another copy of the September 30, 2011 right to sue letter and received it in June 2012. Pl's Supp. Obj., ECF No. 32 at 2. Plaintiff then filed an amended complaint on June 5, 2012.

Defendants' moved to dismiss. On December 5, 2012, Magistrate Judge Peck issued a Report recommending dismissal of Plaintiff's amended complaint as time barred. He reiterated this conclusion in a supplemental Report he issued on December 12, 2012. [1]

[1]   Magistrate Judge Peck issued his initial Report prior to receiving Plaintiff's opposition brief, and issued his supplemental Report in response to one new argument raised in Plaintiff's opposition.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1)(C). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.; see also Rivera v. Barnhart,* 423 F.Supp.2d 271, 273 (S.D.N.Y.2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz,* 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. *Nelson v. Smith,* 618 F.Supp. 1186, 1189–90 (S.D.N.Y.1985) (quoting *Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir.1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v.. Amato,* 388 F.Supp.2d 250, 253 (S.D.N.Y.2005) (citation omitted).

**\*2** In his Reports, Magistrate Judge Peck advised the parties that pursuant to 28 U.S.C. § 636(b)(1), failure to file timely objections would result in their waiver and preclude appellate review. Plaintiff objected to both Reports. In both sets of objections, he argues that his complaint is subject to equitable tolling, based on his newly minted claim that he did not receive the right to sue letter until May 1, 2012 because he was in prison, and because he was afflicted with depression that made him unable to bring his suit in a timely manner. [2]

[2]   Plaintiff also argues that Chief Judge Preska extended the 90–day statute of limitations by 60 days so that Plaintiff could amend his complaint. Pl's Supp. Obj., ECF No. 32 at 3. Chief Judge Preska, however, granted Plaintiff 60 additional days in order to demonstrate compliance with the original 90–day limitations period; she did not extend it. *See* Order to Amend, ECF No. 4.

Magistrate Judge Peck properly determined that Plaintiffs original complaint was untimely. A plaintiff alleging a violation of Title VII must bring his complaint within 90 days of receiving a right to sue letter from the EEOC. 42 U.S.C. § 2000e–5(f)(l); *Francis v. City of New York,* 235 F.3d 763, 768 (2d Cir.2000). Plaintiff conceded that he received the EEOC right to sue letter when his girlfriend brought him his mail in jail sometime in October, 2011. Pl's Opp'n, ECF No. 25, at 9. Although Plaintiff does not allege the specific date on which he received his right to sue letter, March 8, 2012 (the date Plaintiff filed his original complaint) is more than 90 days after any day in October, 2011. [3] Plaintiff's complaint is therefore time barred unless he can avail himself of one of the limited exceptions to the statute of limitations.

[3]   Plaintiff changed his contention considerably after Magistrate Judge Peck recommended dismissal for failure to comply with the statute of limitations. In his objections to the Magistrate Judge's Reports, Plaintiff contended that the letter he received in October was not his right to sue letter, but a letter the EEOC sent him in August in which it asked him to please sign, date, and notarize his EEOC charge. He claims that he did not receive the right to sue letter until June, 2012, when he requested another copy. This contradicts the version of events that Plaintiff set forth before being alerted that he had not complied with the statute of limitations in which he claimed that his girlfriend gave him notice of the right to sue

letter in October, 2011. Further, courts have held that failure to notify the EEOC of an address change (as required by 29 C.F.R. § 1601.7(b)) is sufficient to reject the application of equitable tolling and dismiss the complaint as untimely. *See Abraham v. Woods Hole Oceanographic Inst.,* 553 F.3d 114, 120 (1st Cir.2009); *Banks v. Metro N. Commuter R.R.,* No. 97 Civ. 1601, 1998 WL 312237, at \*3 (S.D.N.Y. Jun. 12, 1998) ("If the complainant does not receive the right-to-sue letter due to a failure to inform the EEOC of a change in address and thereafter files an untimely civil complaint, the complaint must be dismissed.").

Magistrate Judge Peck also correctly concluded that Plaintiff does not qualify for equitable tolling of the limitations period. Title VII's statute of limitations is subject to equitable tolling under certain "rare and exceptional circumstances" (*Zerilli–Edelglass v. New York City Transit Auth.,* 333 F.3d 74, 80 (2003)), such as when the plaintiff's original pleading was defective or "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass ." *Irwin v. Department of Veterans Affairs,* 498 U.S. 89 (1990). "A plaintiff's failure to act diligently is not a reason to invoke equitable tolling." *South v. Saab Cars USA,* 28 F.3d 9, 12 (2d Cir.1994).

In his objections, Plaintiff argues that his complaint should be equitably tolled because he was incarcerated and because he suffered from mild depression that prevented him from pursuing his claim. Neither reason suffices. Confinement in prison, even in punitive segregation, does not provide a basis for equitable tolling. *Perry v. Sony Music,* 462 F.Supp.2d 518, 520 (S.D.N.Y.2006) citing Walker v. Jastremski, 159F.3d 117, 119(1998). Neither does Plaintiff's claim that he was "a little depressed." Pl's Opp'n, Ex. B, ECF No. 25 at 17. A medical or mental impairment only warrants equitable tolling when such impairment renders the plaintiff incapable of meeting deadlines. *Mateo v. Riverbay Corp.,* 168 F.Supp.2d 118, 123 (S.D.N.Y.2001). Plaintiff has provided no indication that his depression was that severe. [4] Plaintiff's complaint was untimely and is not subject to equitable tolling.

[4]   In fact, Plaintiff attaches several letters to his amended complaint that indicate that he was fully capable of sending and receiving correspondence during this time period. *See* Compl. at 6 (Feb. 2, 2012 letter to attorney Andrew Marshall); 28 (Sept. 5, 2011

**Taylor v. Fresh Direct, Not Reported in F.Supp.2d (2013)**
Case 7:15-cv-02038-JCM   Document 23   Filed 02/21/17   Page 49 of 59
118 Fair Empl.Prac.Cas. (BNA) 489

letter to Admin. L. J.); 33 (Jan. 18, 2012 letter to Attorney Joseph Porretto).

**Conclusion**

**\*3** Defendants' Motion to Dismiss (ECF No. 20) plaintiff's complaint as time barred is GRANTED. The Clerk of the Court is directed to close this case. [5]

5       This decision also closes out ECF No. 31 (motion for a typewriter), ECF No. 32 (which are Plaintiff's objections, incorrectly styled as a motion), and ECF No. 45 (motion to add mental health evidence).

**All Citations**

Not Reported in F.Supp.2d, 2013 WL 1897778, 118 Fair Empl.Prac.Cas. (BNA) 489

---

**End of Document**                © 2017 Thomson Reuters. No claim to original U.S. Government Works.

Bartow v. Commissioner of Social Security, Not Reported in F.Supp.2d (2004)
Case 7:15-cv-02038-JCM Document 23 Filed 02/21/17 Page 50 of 59
2004 WL 2368004

2004 WL 2368004
Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.

Cynthia BARTOW, Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY, Defendant.

No. 04 Civ.3200 AJP.
|
Oct. 22, 2004.

*OPINION AND ORDER*

PECK, Chief Magistrate J.

 **\*1** By Report and Recommendation dated May 12, 2004, I *sua sponte* recommended dismissal of this action because plaintiff Bartow did not commence it within 60 days of receipt of the Social Security Administration ("SSA") Appeals Council letter. *See Bartow v. Commissioner of Soc. Sec.,* 04 Civ. 3200, 2004 WL 1057783 at *1 (S.D.N.Y. May 12, 2004)* (Peck, M.J.). In her complaint, Bartow acknowledged that she was filing "'way past the deadline,'" 'but said she was "depressed." *Id.* Ms. Bartow filed an objection to my Report and Recommendation, stating that she "was depressed, [and is] on 19 different medications." (Dkt. No. 6.) In light of those (vague) representations, Judge Swain re-referred the case to me "for further inquiries and proceedings as appropriate." (Dkt. No. 7.)

The Court directed Bartow to serve the SSA and the Unite States Attorney's Office (Dkt. No. 8), which she did (*see* Dkt. No. 9). The Court held a status conference with Ms. Bartow and defense counsel on July 16, 2004. (*See* Dkt. Nos. 10, 14.) Ms. Bartow reiterated that she "was depressed" because she "was trying to get on SSI ever since '96" and she kept getting turned down. (Dkt. No. 14: 7/16/04 Conf. Tr. at 3.) She added that she takes "19 different medications, and there are side effects to all of these. Sometimes [she] can't even function right." (*Id.* at 4.) Ms. Bartow stated that the medications she currently takes are the same as she was taking and are in the SSA administrative record. (*Id.*)

On August 20, 2004, the government moved to dismiss or for summary judgment on the ground that Bartow's complaint was time barred. (Dkt.Nos.12-13.)

Plaintiff Bartow submitted nine pages of medical records and unsworn letters from friends. (Dkt. No. 15.) The medical documents indicate treatment for arthritis, hypertension, back pain and other physical ailments, but no medical indication of depression or mental illness. (*Id.*) [1] Ms. Bartow asked for more time to file additional papers opposing the government's motion, and he Court granted her extension request, making her papers due October 4, 2004. (Dkt. No. 16.) Now, more than two weeks after that deadline, the Court has not received any additional submissions from Ms. Bartow.

[1]     An August 2004 "Addendum" stamped with the name of Dr. Balzora states that "Patient also stated that around April 2004 she had felt depressed." (*Id.*) Ms. Bartow filed her complaint on April 8, 2004, but it was due no later than March 11, 2004. Thus, this "addendum," even if the Court could consider it, is insufficient to show that Bartow was medically unable to file her complaint in a timely manner.

*ANALYSIS*

The parties have consented to decision of this action by a Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 11.)

My original Report and Recommendation, familiarity with which is assumed, cited the 60 day provision in 42 U.S.C. § 405(g), and concluded:

> While this time-limit is not jurisdictional, it does constitute a period of limitations. Dismissal of such actions brought after the sixty day period thus is appropriate.

*Bartow v. Commissioner,* 2004 WL 1057783 at *1 (citations omitted). (*See also* cases cited in Dkt. No. 13: Govt. Br. at 4-5 .) My Report and Recommendation also noted the possibility of "equitable tolling" in "rare cases":

 **\*2** "If a claimant alleges that incapacity due to mental impairment during the 60-day limitations period impeded her ability to seek judicial review in a timely manner, the

district court should afford the claimant the opportunity to present evidence buttressing this claim." *Guinyard v. Apfel,* 2000 WL 297165 at *4 (citing *Canales v. Sullivan,* 936 F.3d 755, 759 (2d Cir.1991)). "However, a 'conclusory and vague claim, without a particularized description ... is manifestly insufficient to justify any further inquiry into tolling." ' *Guinyard v. Apfel,* 2000 WL 297165 at *4 (quoting *Boos v. Runyon,* 201 F.3d 178, 185 (2d Cir.2000)). The sole excuse Bartow offered for filing late-that she was "depressed" (*see* fn.1 above)-thus does not constitute one of the "rare cases" that warrant equitable tolling. *See, e.g .,* *Guinyard v. Apfel,* 2000 WL 297165 at *2; *Sykes v. Apfel,* 97 Civ. 7696, 1998 WL 338104 at *4 (S.D.N.Y. June 24, 1998) ("According this pro se plaintiff's complaint the close and careful reading to which it is entitled, the plaintiff has failed to identify any circumstance that would justify equitable tolling of the statute of limitations in this case. Therefore the complaint must be dismissed because it is time barred under the 60-day statute of limitations in Section 405(g).").

*Bartow v. Commissioner,* 2004 WL 1057783 at *1 n. 2.

The Court has reviewed the ALJ's decision in this case, which refers only to physical problems including low back pain, bilateral knee disorders, asthma and hypertension. (Dkt. No. 13: Herbst Aff. Ex. 1: ALJ Decision at 2-8.) The ALJ concluded that those ailments permit Bartow to perform sedentary work. (*Id.* at 7-8.) The Court is not reviewing the validity of the ALJ's findings in that regard. What is significant is that there is no reference in the ALJ's eight page decision to "depression" or any other mental or physical problems caused by an interaction of Bartow's medications.

Ms. Bartow provided the Assistant United States Attorney with a "handwritten list of her current medications and copies of printouts concerning medications from her pharmacy." (Dkt. No. 13: Gura Aff. ¶ 4 & Ex. B.) Some of the medicines list side effects of "drowsiness" or "tiredness," but none identify depression as a side effect. (Gura Aff. Ex. B.) [2] As the Government's brief correctly summarizes her medications:

[2]    The information provided for one of the drugs, Premarin (generic name: conjugated estrogen) warns to contact your doctor immediately "if you experience mental/mood changes (*e.g.,* severe depression ... )."

There is no indication, however, that Ms. Bartow ever saw a doctor for "depression."

A review of plaintiff's medications reveals that they are commonly prescribed treatments for asthma (Singulair, Albuterol, Monopril, Flovent, Serevent), hypertension (Clondine, Norvasc, Doxazosin, Hydrochlorthiaz), joint pain (acetaminophen, Celebrex), and high cholesterol (Pravachol, Lipitor). *See* Declaration of John E. Gura, Jr. Exhibit B. [2] While the printouts supplied by plaintiff indicate that her medications may produce certain side effects, there is no proof that plaintiff actually experienced any adverse symptoms from her medications. Moreover, none of the medication printouts supplied by plaintiff indicates that any of her medications are used for the treatment of depression or any other mental condition. Accordingly, there is no basis for equitable tolling of he statute of limitations, and the complaint should be dismissed as time-barred.

**\*3**    [2] Plaintiff also took MVI (a multivitamin), a calcium supplement, Premarin (a female hormone), and used Lac-Lotion to treat her dry skin.

(Dkt. No. 13: Govt. Br. at 6-7 & n. 2.) The Court agrees.

The Court also notes that to the extent Ms. Bartow has asserted that she had some difficulty in figuring out how to bring her federal complaint, that provides no basis for equitable tolling: the Appeals Council's letter clearly explains the process. (*See* Dkt. No. 13: Herbst Aff. Ex. 2: Appeals Council Letter at 2-3.)

Ms. Bartow was on many medications, and may have been "depressed"-in the layman's sense, not the clinical sense-that she was not being given Social Security SSI benefits. But she has not established that any medical or mental issue prevented her from filing her federal complaint within the 60 days allowed by law, nor any basis for equitable tolling.

*CONCLUSION*

Ms. Bartow's action is dismissed since it was not commenced within 60 days of receipt of the Appeals Council's letter, and she has not met her burden of proving any basis for equitable tolling. The Clerk of Court shall enter judgment dismissing this action and notify Ms. Bartow of her right to appeal to the Second Circuit.

SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2004 WL 2368004

---

**End of Document**                    © 2017 Thomson Reuters. No claim to original U.S. Government Works.

KeyCite Yellow Flag - Negative Treatment

Distinguished by Pettway ex rel. Pettway v. Barnhart, S.D.Ala., November 12, 2002

2000 WL 297165
United States District Court, S.D. New York.

Kathy GUINYARD, Plaintiff,

v.

Kenneth S. APFEL, Commissioner
of Social Security, Defendant.

No. 99 CIV. 4242 MBM.
|
March 22, 2000.

**Attorneys and Law Firms**

Kathy Guinyard, for Plaintiff Pro Se.

Mary Jo White, Esq., United States Attorney for the Southern District of New York, Lorraine S. Novinski, Esq., Assistant United States Attorney, New York, for Defendant.

OPINION AND ORDER

MUKASEY, D.J.

**\*1** Plaintiff Kathy Guinyard brings this *pro se* action seeking review of a Social Security Administration ("SSA") decision denying her Supplemental Security Income ("SSI") benefits. Arguing that Guinyard failed to file the complaint within the statutory limitations period, defendant Kenneth S. Apfel, Commissioner of Social Security, moves to dismiss the complaint pursuant to 42 U.S.C. § 405(g) (1994) and Fed.R.Civ.P. 12(b)(6), or, in the alternative, for summary judgment pursuant to Fed.R.Civ.P. 56(c). For the reasons set forth below, defendant's motion for summary judgment is granted, and the complaint is dismissed.

I.

The following relevant facts are either undisputed or presented in the light most favorable to plaintiff.[1] On March 30, 1998, an administrative law judge ("ALJ") issued a decision finding that Guinyard was not disabled

and therefore not entitled to SSI benefits. (Passacqua Decl. ¶ 3(a) & Ex. 1) The ALJ sent a copy of the decision to Guinyard's home address at "1106 Boynton Ave, Apt 5L, Bronx, N.Y. 10472." (Passacqua Decl. Ex. 1 at 1) Guinyard on April 17, 1998 sought review of the ALJ's decision. (*Id.* ¶ 3(a) & Ex. 2)

[1]  Beyond resolving all ambiguities and drawing all factual inferences in favor of the non-moving party, I must "read the pleadings of a *pro se* plaintiff liberally and interpret them to raise the strongest arguments that they suggest." *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir.1999) (internal quotation marks and citation omitted).

On January 22, 1999, the Appeals Council denied Guinyard's request for review and that day sent a notice of its action to Guinyard at that address. (*Id.* ¶ 3(a) & Ex. 3; Compl. Ex.) The letter advised Guinyard of her right to seek review of the decision by instituting a civil action in federal court within 60 days of her receipt of the letter. (Passacqua Decl. ¶ 3(a) & Ex. 3 at 1-2; Compl. Ex. at 1-2) The letter added that it would be presumed to have been received within five days of the date shown atop the letter-January 22, 1999-"unless a reasonable showing to the contrary [were] made." (Passacqua Decl. Ex. 3 at 1; Compl. Ex. at 1) Additionally, the notice advised Guinyard of her right to petition the Appeals Council for an extension of the 60-day period for filing a lawsuit if she were unable to file a complaint within 60 days. (Passacqua Decl. Ex. 3 at 2; Compl. Ex. at 2)

Guinyard filed the complaint in the *Pro Se* Office of this court on April 8, 1999. (Compl. at 1) She does not allege that she sought an extension of time from the Appeals Council, nor is there any evidence in the record suggesting that she did. (Passacqua Decl. ¶ 3(b))

Defendant moves to dismiss pursuant to 42 U.S.C. § 405(g) and Fed.R.Civ.P. 12(b)(6) for failure to state a claim or, alternatively, for summary judgment pursuant to Fed.R.Civ.P. 56(c). Because both parties have submitted material outside the pleadings, and I have, in fact, considered the extrinsic evidence, I have treated defendant's motion as one for summary judgment. *See Kennedy v. Empire Blue Cross and Blue Shield,* 989 F.2d 588, 592 (2d Cir.1993).

II.

The SSI Program established by Title XVI of the Social Security Act, codified at 42 U.S.C. § 1381 et seq. (1994 & Supp.1999), provides benefits to those who are indigent and disabled. *See Bowen v. City of New York,* 476 U.S. 467, 470 (1986). SSA regulations have established a five-step process through which the SSA determines whether a claimant is deemed unable "to engage in any substantial gainful activity" and therefore eligible for benefits. *See id.* (quoting and citing regulations). If a claimant wishes to challenge the SSA's determination, she must exhaust a series of administrative remedies, including a hearing presided over by an ALJ, whose decision later can be appealed to the SSA's Appeals Council. *See id.* at 472. If, after exhausting administrative remedies, a claimant remains unsatisfied, the statutory scheme allows her to bring an action in federal district court seeking review. *See id.* The statute so providing states in pertinent part:

> **\*2** Any individual, after any final decision of the Commissioner of Social Security ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision .... No findings of fact or decision by the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency *except as herein provided.*

42 U.S.C. § 405(g)-(h) (emphasis added). Pursuant to regulations promulgated by the SSA construing this provision, the 60-day limitations period within which to commence an action in federal court begins when the notice is received by the claimant; the date of receipt is presumed to be five days following the date of the notice, "unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c) (1999).

The "60-day limit is a ... waiver of sovereign immunity and thus must be strictly construed." *City of New York,* 476 U.S. at 479. Consequently, courts have not hesitated to enforce the 60-day period as a firm limit. *See, e.g., Burkett v. Apfel,* No. 97 Civ. 4019(TPG), 1998 WL 846753 (S.D.N.Y. Dec. 4, 1998) (dismissing complaint as untimely when filed one day after section 405(g)'s limitations period

expired). Although this rule embodies Congress's desire "to move cases to speedy resolution in a bureaucracy that processes millions of claims annually," *City of New York,* 476 U.S. at 481, the rule's impact can be mitigated in two ways. First, the Commissioner is authorized to extend the 60-day period when in his judgment such an extension would be appropriate. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.911 (1999) (delineating factors considered in determining whether to grant extension) Second, federal courts remain empowered to toll section 405(g) in "cases ... where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate." ' *City of New York,* 476 U.S. at 480 (quoting *Mathews v. Eldridge,* 424 U.S. 319, 330 (1976)). Among the "rare case[s]," *City of New York,* 476 U.S. at 481, that warrant equitable tolling under the law of this Circuit are instances in which a claimant's mental impairment hinders her ability to seek judicial review in a timely manner, or where misleading or clandestine government action frustrates a claimant's efforts to exercise her rights. *See Canales v. Sullivan,* 936 F.2d 755, 758-59 (2d Cir.1991); *see also Monje v. Shalala,* No. 93 Civ. 4707(MBM), 1995 WL 540028, at *2 (S.D.N.Y. Sept. 11, 1995) (outlining types of cases in which courts have tolled section 405(g)'s limitations period).

The Commissioner argues that Guinyard's complaint, having been filed after section 405(g)'s 60-day limit, is untimely. Giving Guinyard's *pro se* papers a close and sympathetic reading, *see supra* n. 1, her submissions suggest two potentially relevant responses: first, the possibility that Guinyard might rebut the presumption that she received notice of the Appeals Council's decision five days after it was rendered, and second, the possibility that Guinyard might demonstrate incapacity due to mental impairment during the 60-day period. However, the record here supports neither possibility.

**\*3** As to the first, Guinyard does not offer evidence beyond a naked assertion to rebut the presumption that she received the decision within five days of its date of mailing. According to the pertinent regulations, Guinyard is presumed to have received the SSA's denial of her request for review five days after the date of the Appeals Council notice. *See* 20 C.F.R. § 422.210(c). The Appeals Council denied Guinyard's request for review on January 22, 1999 and that day sent her a notice of the denial. (Passalacqua Aff. ¶ 3(a) & Ex. 3; Compl. Ex.) Therefore,

Guinyard is presumed to have received the letter five days afterward, on January 27, 1999. It follows that the limitations period would have expired 60 days later, on March 28, 1999-which, as a Sunday, would have been extended a day to March 29, 1999. (Def. Mem. at 2, 5) Guinyard filed her complaint on April 8, 1999, ten days after the statutory deadline. (Compl. at 1)

Guinyard's complaint alleges that she received the notice on April 4, 1999, or 72 days after it was sent. (Compl. ¶ 7) But "a plaintiff must do more than merely assert that he did not receive the notice within five days.... Rather, a plaintiff must present some affirmative evidence indicating that the actual receipt occurred more than five days after issuance." *Marte v. Apfel,* No. 96 Civ. 9024(LAP), 1998 WL 292358, at *2 (S.D.N.Y. June 3, 1998) (citations omitted) Guinyard's unsupported assertion that when she received the letter "the envelope was rip[ped] and taped all over" (Pl. Rep. at 1) is not the meaningful showing required by 20 C.F.R. § 422.210(c) to rebut the presumption of receipt within five days. In *Marte,* for instance, the Court held that an unsupported "affirmation, standing alone, [could] not constitute a 'reasonable showing to the contrary' within the meaning of 20 C.F.R. § 422.210," 1998 WL 292358, at *2, for otherwise any claimant missing the filing deadline could evade the limitations period simply by asserting belated receipt of the decision without presenting any affirmative evidence of the tardy arrival. *See id.*

In contrast, the Court in *Chiappa v. Califano,* 480 F.Supp. 856 (S.D.N.Y.1979), found that the plaintiff had offered sufficient evidence to make a "reasonable showing" overcoming the five-day presumption. *See id.* at 857. There, the plaintiff affied that he had sold the house in which he had lived at the time he filed his administrative appeal; that he was living temporarily at another address when the notice of denial was sent out; and that the notice was forwarded to the second address and had a confirmatory notation to that effect made by the railroad clerk who had delivered the letter. *See id.* In addition, the railroad clerk himself filed an affidavit stating that he had delivered the notice to the plaintiff on the date the plaintiff swore he had received it. *See id.* On the basis of all of this evidence, the Court found that the plaintiff had advanced adequate proof to make a "reasonable showing" that he had not received the notice within five days of it being sent.

**\*4** In the present case, Guinyard's bare assertion that the notice arrived over two months late in a damaged condition falls well short of the type of showing made in *Chiappa.* Furthermore, as the Commissioner points out, the Appeals Council notice was addressed to Guinyard at the same address as that used to send her the ALJ's earlier decision, which she received with no delay in delivery. (Def. Mem. at 5-6) The summons in this litigation lists that address as Guinyard's current address, as well. (*Id.* at 6; Dkt. No. 2) Therefore, Guinyard falls short of the "reasonable showing" necessary to overcome the presumption that she received the letter by January 27, 1999 and, in turn, that the complaint was filed after the statutory limitations period had run.

Moreover, Guinyard's late filing does not warrant equitable tolling on account of mental incapacity. If a claimant alleges that incapacity due to mental impairment during the 60-day limitations period impeded her ability to seek judicial review in a timely manner, the district court should afford the claimant the opportunity to present evidence buttressing this claim. *See Canales,* 936 F.2d at 759. Any evidence of the claimant's having been incapacitated during the filing period should then be weighed to determine "whether, considering all of the circumstances of the case, equitable tolling is warranted." *Id.* However, a "conclusory and vague claim, without a particularized description ... is manifestly insufficient to justify any further inquiry into tolling." *Boos v. Runyon,* 201 F.3d 178, 185 (2d Cir.2000) (applying *Canales* 's analysis in SSI context to claim alleging disability discrimination under the Rehabilitation Act, 29 U.S.C. § 701 *et seq.* (1994 & Supp.1999)).

Here, Guinyard has not averred incapacity because of mental impairment during the 60-day period. Thus, equitable tolling should not be warranted. *Cf. Canales,* 936 F.2d at 759 (reasoning that "Canales' affidavit avers that mental impairment prevented her from comprehending her right to judicial review"). Even so, I afforded Guinyard the opportunity to "describ[e] facts known to her, documents and other evidence indicating why defendant's motion should not be granted." (Order of 12/5/99) (Dkt. No. 9) Guinyard's reply describes the suffering that she says she endures from scoliosis and manic depression, emphasizing the back pain she feels, the difficulty she has getting around, and the strong medication she takes. (Pl. Rep. at 2) She explains that she was molested as a child, attempted suicide, was placed in

foster care and special education classes, and has received therapy. (*Id.* at 3-6) She does not like to be around people and hears voices late at night. (*Id.* at 2-3)

Guinyard's portrayal establishes no causal connection between her mental state and the lateness of her complaint. Whatever particularized allegations she has made go to the merits of her underlying disability claim; they do not explain why her complaint was delayed. (*Id.* at 5) ("I don't know what else to do to prove to you that I'm disabled") As the Commissioner's attorney puts it, "plaintiff's statement simply reiterates her bases for claiming that she should be found disabled." (Letter from Assistant U.S. Attorney Novinski to the court of 12/21/99, at 1) Guinyard has offered no "particularized description" of the reasons that she commenced this action after the limitations period prescribed by statute. The generalized claims of disability made in Guinyard's reply do not suffice, and therefore there is no basis for equitable tolling. As "[t]he burden of demonstrating the appropriateness of equitable tolling ... lies with the plaintiff," *Boos,* 201 F .3d at 185 (citation omitted), Guinyard cannot prevail on the basis of mental incapacity.

**\*5** In sum, Guinyard is unable to offer any convincing explanation for the tardy initiation of this lawsuit. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Accordingly, the Commissioner is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c).

For the foregoing reasons, defendant's motion for summary judgment is granted and the complaint is dismissed.

SO ORDERED:

**All Citations**

Not Reported in F.Supp.2d, 2000 WL 297165, 67 Soc.Sec.Rep.Serv. 81

---

**End of Document**
© 2017 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW  © 2017 Thomson Reuters. No claim to original U.S. Government Works.   4

Monje v. Shalala, Not Reported in F.Supp. (1995)
Case 7:15-cv-02038-JCM    Document 23    Filed 02/21/17    Page 57 of 59
Unempl.Ins.Rep. (CCH) P 14818B

1995 WL 540028
United States District Court, S.D. New York.

Jorge MONJE, Plaintiff,

v.

Donna SHALALA, Secretary of Health
and Human Services, Defendant.

No. 93 Civ. 4707 (MBM).
|
Sept. 11, 1995.

**Attorneys and Law Firms**

Guilene Cherenfant, Bronx Legal Services, Bronx, NY,
for plaintiff.

Mary Jo White, U.S. Atty. for the S.D. of N.Y., Sapna V.
Raj, Asst. U.S. Atty., New York City, for defendant.

OPINION AND ORDER

MUKASEY, District Judge.

**\*1** Plaintiff Jorge Monje challenges a final decision
by defendant Secretary of Health and Human Services,
denying, in part, his request for disability benefits.
Defendant moves to dismiss the complaint pursuant to
Fed.R.Civ.P. 12(b)(1), arguing that plaintiff's failure to
comply with the 60–day statute of limitations prescribed
by 42 U.S.C. § 405(g) (1988) deprives this court of
subject matter jurisdiction. For the reasons stated below,
defendant's motion is granted.

I.

On April 4, 1988, plaintiff filed his first application with
the Department of Health and Human Services ("HHS")
for disability benefits under Title II of the Social Security
Act, claiming he had been unable to work since January
1988, because of diabetes mellitus, high blood pressure,
asthma, and a back condition. (Monje Aff. ¶ 3; Compl. ¶
4) After two hearings, denials, and appeals filed "within
the sixty days that [he] was given" (Monje Aff. ¶¶ 4–
5), plaintiff received a partially favorable result at the
third hearing. The administrative law judge found that
plaintiff was disabled as of May 1, 1992, but because

plaintiff claimed he was disabled earlier, he requested
reconsideration by the Appeals Council, the final possible
review within the HHS administrative system. (*Id.* at ¶ 5)
In a letter dated February 24, 1993, the Appeals Council
denied plaintiff's request for a review, and apprised him of
his right to file a civil action in federal court. (*Id.* at ¶ 6;
Ponton Aff. ¶ 3(a)) The letter explained that the complaint
had to be filed in the United States District Court within
60 days after receipt of the letter, which is presumed to
occur within five days of mailing. (Compl.Ex. A at 1) The
time for filing expired on April 30, 1993.

Plaintiff avers that he received this letter in early March,
and promptly tried to commence a civil suit at the
Social Security district office, where he had filed his three
previous appeals. (Monje Aff. ¶ 6) An HHS employee
explained that he had to file his papers at the federal
courthouse, and gave him an "appeal letter" to present on
his arrival. (*Id.* at ¶ 7) Despite the information conveyed
in the February 24 letter, plaintiff claims he was not aware
of the 60–day constraint because the HHS employee "did
not tell me that I had to go to the federal court within a
certain period of time." (*Id.*) Moreover, plaintiff alleges
that he assumed he had already filed because

> I thought that by going to the district
> office (which is where I had always
> gone each time that I was denied),
> that I was already filing the appeal.
> I believed this especially because I
> was given this "appeal letter" which
> I was told to hand in at the federal
> court when I got there.

(*Id.*) Plaintiff did not actually file his complaint in federal
court until May 6, 1993, six days after the time for filing
had expired. (*Id.* at ¶ 9) Defendant contends that the
complaint is barred by the statute of limitations, and
moves to dismiss for lack of subject matter jurisdiction.
Plaintiff responds that because his failure to file a timely
appeal was due to his mistaken impression that he could
file at the Social Security district office, and because the
HHS representative failed to remind him of the time
constraints, the doctrine of equitable tolling should apply
to preserve his right to a review.

II.

**\*2** Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq., established the Social Security Disability Program to pay benefits to persons who have contributed to the program and suffer from a mental or physical disability. The Social Security Administration uses a five-step process to determine eligibility for benefits. Bowen v. City of New York, 476 U.S. 467 (1986). After exhausting administrative remedies, a disappointed claimant may seek judicial review in federal district court, pursuant to 42 U.S.C. § 405(g), which provides, in relevant part:

> Any individual, after any final decision by the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

Congress intended the 60–day limitation to prevent repetitive and belated litigation, Califano v. Sanders, 430 U.S. 99, 108 (1977), but curbed the potential for harsh results by authorizing the Secretary of Health and Human Services to extend the period in which review may be sought. To determine whether an extension is warranted, the Secretary considers whether circumstances prevented a timely appeal, whether agency actions misled the claimant, whether the claimant misunderstood the appeal process because of amendments, other legislation, or court decisions, or whether physical, mental, educational, or linguistic limitations caused the delay. 20 C.F.R. § 404.911(a) (1995). As an added protection, district courts may apply the doctrine of equitable tolling to extend the statute of limitations in "rare case[s]" where "the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." Bowen, 476 U.S. at 480–81 (quotation omitted). The equities have tipped in favor of tolling in cases where the claimant (i) was unaware that there had been a violation giving rise to a claim, id. at 481–82, Dixon v. Shalala, 54 F.3d 1019, 1032–33 (2d Cir.1995), (ii) rebutted the presumption that notice of the Appeals Council denial was received within five days, Chiappa v. Califano, 480 F.Supp. 856, 857 (S.D.N.Y.1979), (iii) received conflicting information about the filing deadline, Hernandez v. Sullivan, 91 Civ. 1836, 1991 WL 243451,

at \*2 (S.D.N.Y. Nov. 8, 1991), or (iv) was unable to comprehend the appeal process because of an impediment. Canales v. Sullivan, 936 F.2d 755, 756 (2d Cir.1991) (mental impairment); Correa v. Bowen, 682 F.Supp. 755, 757 (S.D.N.Y.1988) (language barrier).

None of the extenuating circumstances heretofore considered by either the Secretary or the courts are present here. Plaintiff avers that he failed to file a timely appeal because the HHS employee did not remind him of the statute of limitations described in his final notice from the Appeals Council, and because he mistakenly believed that he could file in the Social Security district office, even though the HHS employee and the Appeals Council letter instructed him to file in federal district court. (Pl.Mem.Opp'n at 2) In essence, he argues that in addition to written notification, an oral reminder of the time limit was required, and that the oral explanation of the proper place to file was inadequate.

**\*3** HHS employees should not be required to reiterate information already clearly conveyed in a written notice. Cf. Jarrett v. US Sprint Communications Co., 22 F.3d 256, 260 (10th Cir.) ("[w]e reject the notion ... that it triggers equitable tolling if the district court clerk's office does not advise plaintiff that the filing fee must be paid within a specified time"), cert. denied, 115 S.Ct. 368 (1994). Moreover, plaintiff demonstrated that he did not need such explanations. Following a determination at each stage of the five-step administrative process, plaintiff was instructed to proceed to the next stage within 60 days of receiving notice of the decision. Bowen, 476 U.S. at 472. His consistent compliance with the statute of limitations during these prior appeals indicates that he was accustomed to operating under time constraints and capable of doing so, even when acting pro se. (Monje Aff. ¶¶ 3–5) Although he was accustomed also to filing at the Social Security district office, the Appeals Council letter and the HHS employee distinguished the civil suit from his previous administrative appeals, and instructed him to file in the United States District Court. (Compl.Ex. A at 1; Monje Aff. ¶ 7) Plaintiff argues further that the "appeal letter" given to him at the Social Security district office conveyed the impression that he had already filed. This impression, however, is contradicted by both the written and oral information plaintiff received, and perhaps by the "appeal letter" itself, which is not appended to the complaint.

**Monje v. Shalala, Not Reported in F.Supp. (1995)**
Case 7:15-cv-02038-JCM Document 23 Filed 02/21/17 Page 59 of 59
Unempl.Ins.Rep. (CCH) P 14818B

Although the process for reviewing disability claims is "unusually protective" of claimants, *Heckler v. Day,* 467 U.S. 104, 106 (1984), equitable tolling is inappropriate on the facts presented here. Accordingly, defendant's motion pursuant to Fed.R.Civ.P. 12(b)(1) is granted, and the complaint is dismissed as untimely.

SO ORDERED.

**All Citations**

Not Reported in F.Supp., 1995 WL 540028, Unempl.Ins.Rep. (CCH) P 14818B

---

**End of Document**

© 2017 Thomson Reuters. No claim to original U.S. Government Works.